### WILLIAM WATSON & Co. v. WILLIAM SULLIVAN.

An order of the Court of Common Pleas, discharging an attachment against a resident as to the whole of the property attached, is an order affecting a substantial right made in a special proceeding, which may be reversed, pending the action in which the order of attachment was made.

MOTION to dismiss petition in error. Reserved in the District Court of Hamilton county.

*T. J. Gallagher,* for the motion.

*T. D. Lincoln,* against it.

KENNON, J. Watson & Co. commenced an action in the court of common pleas to recover a large sum of money against Sullivan. At the same time, the plaintiffs procured an order of attachment, and caused to be attached the property of the defendant, of the value of several thousand dollars. The defendant being personally served with a summons in the action, appeared, and moved the court to discharge the attachment. The attachment was discharged by the common pleas, and petition in error filed by Watson & Co., in the district court, to reverse the order

of the common pleas discharging the attachment. A motion was made in the district court to dismiss the petition in error, upon the ground that such petition could not be entertained until after the determination of the action in the common pleas, which was still pending and undetermined.

The motion to dismiss the petition in error was reserved.

The only question in the case before this court is, whether the order of the court of common pleas is subject to be reviewed on error before the action is determined. Sec. 513 of the code, provides, that a judgment rendered, or final order made by the court of common pleas, may be reversed by the district court. Sec. 512 provides, that an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a *special proceeding,* or upon a summary application in an action after judgment, is a final order which may be reversed.

Is an attachment, or a motion to discharge an attachment, a special proceeding within the meaning of this section of the code? and is an order discharging the attachment, an order affecting a substantial right made in such special proceeding? are the questions which we are required to determine. It can scarcely be contended, that the order discharging the attachment, and depriving the plaintiff of the security for the payment of any judgment which he may obtain, is depriving him of a substantial right—a right which the statute had conferred upon him. That a substantial right was affected is not controverted. But is this order made in a special proceeding?

The code provides a mode of proceeding in attachment, which is called a " provisional remedy." It provides, that at or after the commencement of the action, an order of attachment may be obtained. In some cases it is made by the clerk of the court; in others, by the court or a judge thereof. It specifies particularly the grounds upon which such order may be made. It requires the execution of a bond in some cases, to be approved by the clerk, in double the amount of the plaintiff's claim, with a condition, that the plaintiff will pay the defendant all damages which he may sustain by reason of the attachment, if the order be

wrongfully obtained; and it provides, specially, the whole mode of proceeding, upon and including the order, until the final disposition of the property, whether the plaintiff obtains judgment or not; and is in fact, in its very nature, a *special proceeding*.

The 3d section of the code abolishes the distinction between *actions at law* and *suits in chancery*, and substitutes in their place but one form of action, called a civil action. The commissioners, in their report to the Legislature upon this section, say: "A civil action, under this code, will comprehend every proceeding in court heretofore insituted by any and all the forms hereby abolished. Every other proceeding will be something else than an action; say, 'a special proceeding.'" By the 604th section of the code, it is provided, that the code shall not affect any special statutory remedy, not heretofore obtained by action. The Legislature seems to regard all proceedings, not theretofore obtained by suit or action, as a special proceeding, or special statutory remedy; and it would seem to follow, that a provision in the code providing a proceeding, not by action, would be a special proceeding.

The 228th section of the code provides, that the defendant may, at any time before judgment, move to discharge the attachment as to the whole, or a part, of the property attached. By the 220th section, if the plaintiff fails to recover judgment, the attachment shall be discharged, and the property or money restored to the defendant.

But in case the attachment is discharged by order of the court before judgment, or in case the plaintiff fails to recover judgment, the attachment, in either case, would have been wrongfully obtained, and the plaintiff would be liable to an action on his undertaking for damages; and the fact that the court had ordered the attachment to be discharged, would be evidence against the plaintiff that the attachment had been thus wrongfully obtained, and the action might be immediately commenced for such damages, and such action be determined before the original action, and the plaintiff compelled to pay damages, on account, perhaps, of an error in the court in discharging the attachment. Indeed, the action, where there is personal service, in no manner

depends on the attachment. There may be a just cause of action, and no grounds for the order of attachment; they are separate proceedings, and, in the opinion of this court, the attachment is a special proceeding, which may be reversed before the deter-·mination of the action.

The motion, therefore, to dismiss the petition in error, is over-ruled, and the cause remanded to the district court for further proceedings.