White, J.
The first question arising for determination in this case is whether this court is authorized to review the order of the court of common pleas annulling, or assuming to annul, the order of the judges at chambers vacating the orders of the court granting the injunction and appointing the receiver.
The determination of this question depends upon the *7 construction of section 572 of the code of civil procedure. The section is as follows: “ An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgmeut, is a final order which may be vacated, modified, or reversed, as provided in this title.”
In ascertaining the extent of the operation of this section, we must look to the code as designed to furnish a complete system of remedies. And on questions of construction arising under it, the rule is laid down in the second section that, “ Its provisions, and all proceedings under it, shall be liberally construed, with a view to promote its object and assist the parties in obtaining justice.”
The'question for determination is whether the order of the court sought to be reviewed is a final order within the. meaning of section 572, above quoted.
An order affecting a substantial right made in a special proceeding is a final order within the meaning of the section. The question, therefore, is whether the order under consideration is one made in a special proceeding; and if so, whether it affects a substantial right of the plaintiff- in error.
In the code the appointment of receivers is classed as one of the provisional remedies, like the proceedings by injunction or in attachment.
A provisional receivership is, in effect, an injunction, and something more stringent still. It is to be granted with great caution, and only in a case of pressing apparent necessity. Edwards on Receivers, 18. The appointment of a receiver is an equitable remedy, and bears a similar relation to courts of equity that proceedings in attachment bear to courts of law. lienee the appointment of a receiver has been said to be an equitable execution. Jeremy’s Eq. Jur. 249.
The issuing of an attachment and the appointment of a receiver in a civil action are both proceedings which are *8 merely ancillary or auxiliary to the main action. The action may be prosecuted to final judgment, either with or without such proceedings. These auxiliary proceedings are merely intended to secure the means for satisfying the final judgment in case the plaintiff should succeed in the action, and they can only be resorted to where the special circumstances exist which the law prescribes as the grounds for their institution.
In this state, the distinction between actions at law and suits in equity is abolished, and legal and equitable remedies are administered in the same forum and under the same code of procedure.
In determining, therefore, whether an order of the court, under the code, is reviewable or not on error, we must look to the substance and effect of the order, without regard to • whether it is of a legal or equitable nature.
Shortly after the adoption of the code, the question as to what constituted “ an order affecting a substantial right made in a special proceeding,” under the section of the code now under consideration, came before this court in Watson & Co. v. Sullivan. 5 Ohio St. 42. In that case, Watson & Co. had commenced an action in the court of common pleas against Sullivan to recover a sum of money. At the same time the plaintiffs procured an order of attachment, and caused the property of the defendant to be attached. The defendant, being personally served with summons, appeared, and moved the court to discharge the attachment. The attachment was discharged by the common pleas, and a petition in error was filed by Watson & Co. to reverse the order of the common pleas discharging the attachment. A motion was made to dismiss the petition in error on the ground that the petition could not be entertained until after the determination of the action in the common pleas, which was still pending.
The court held that the order discharging the attachment was an order affecting a substantial right made in a special proceeding, which might be reversed pending the action in which the order of attachment was made.
*9 The principle of this decision applies as well to the vacation of a receivership as to the discharge of an attachment. The order in the one case is as much an order made in a special proceeding as in the other, and in either case the order may affect substantial rights.
Indeed, the appointment of a receiver may more seriously affect the rights of a party than the issuing of an attachment. Under an attachment the property only of a defendant is seized, while a receiver may not only seize the property, but sometimes, as in the case before us, is required also to take possession of the business of the defendant, and prosecute it at the risk and expense of the defendant or his property.
The. authority of Watson & Co. v. Sullioan remains unshaken by subsequent decisions.
The claim of counsel for the defendant in error, that no order is final within the meaning of section 572 of the code, and reviewable on error, that is not appealable from the court of common pleas to the district court, is without foundation. Hence the case cited of the E. H. Railroad Company v. Varnum, 10 Ohio St. 622, is not relevant to the question under consideration. That case merely decides that an order appointing a receiver is not á final order from which an appeal can be taken to the district court.
An appeal, as understood in this state, vacates the order or judgment appealed from, and carries the whole case into the appellate court for retrial upon the merits, both as to law and fact; while a petition in error under the code only brings before the appellate court the judgment or order complained of, for review on questions of law.
That the final order of the code is not the final order contemplated by the act regulating appeals (2 S. & C. 1157), is manifest from the decision in Taylor v. Fitch, 12 Ohio St. 169. The petition in that case was filed to vacate the final judgment iii an action and to be allowed to make defense, under section 536 of the code, on the ground that the party had been prevented by unavoidable casualty from *10 making the defense. The court made an order vacating the judgment, and reinstating the case on the docket for trial. Erom this order the plaintiff'appealed. The appeal was dismissed on the ground that the order was a final one under the code, and subject to be reviewed on error; but that it was not the subject of appeal. In speaking of the code and of the act regulating appeals, it was said in the opinion that “ the object of the two statutes -was different. The object of one was to provide for the appeal and retrial of an entire action; the object of the other was to define what special or summary proceedings in an action—not the action itself—might be reviewed by petition in error.”
True the special proceeding in that case was said to be “a special proceeding in an action after judgment; ” but it does not follow from what is thus said that the final order can only be made in a proceeding after judgment iu the action. Watson & Co. v. Sullivan, supra, is a decisive authority to the contrary. Moreover, the language of the code is that “ an order affecting a substantial right made in a special proceeding, ... is a final order which may be vacated, modified, or reversed.” . . .
If the order affects a substantial right, and is made in a special proceeding, it is final within the meaning of the section, and may be reviewed for errors of law appearing on the record.
In Taylor v. Fitch, a substantial right of the plaintiff was said to be affected by the opening up of the judgment and allowing the defendant tonnake a defense. The order in that case was not final in the sense of being an order which finally determined or put an end to the special proceeding. Under the provisions of the code, the proceeding could not be said to be ended and finally determined, until it should be ascertained whether the defendant succeeded in establishing his defense. Frazier v. Williams, 24 Ohio St. 625; Watson v. Paine, 25 Id. 345.
It is not, therefore, essential, in all cases, that the order, before it can be regarded as final, within the meaning of the *11 provision of the code in question, should be one which puts an end to the proceeding.
And it seems to us that where property has been taken under a .special proceeding, and an order has been made determining the rights of the parties in such proceeding, as by vacating a receivership or discharging an attachment, tliat'an order made, which deprives a party of the benefit of the adjudication; affects a substantial right; and we see no good reason why such order is not, under the code, as much the subject of review on error as an order vacating a judgment and allowing a defense to be made in an action.
2. The second question is, whether the judges at chanibers had jurisdiction to vacate the receivership.
The jurisdiction is denied on several grounds.
In the first place, it is claimed that as the receiver was appointed by the court in term time, the appointment can only be vacated by the court when in session.
The petition was filed on the 30th of March, and on the same day, without process in the action, or any notice whatever to the plaintiff in error or its agents of the application, the receiver was appointed to take possession of all of the property of the plaintiff in error, and of its entire road, and to operate it under the orders prescribed by the court at the time of making the appointment. On the same day the court adjourned until the 30th of April following. The receiver took possession of the property of the railroad company, and assumed the management of its business, as directed in the order of the court; and it is claimed that there was no power anywhere to inquire into the validity of the appointment until the court again convened.
We wholly dissent from this view. Our remedial system is not so lamentably deficient in subserving the ends of justice as the objection assumes it to be.
The chapter of the code on the subject of receivers provides (see. 25-3) as follows: “A receiver may be appointed by the supreme court, the district court, or the court of common pleas, or any judge of either, or, in the *12 absence of said judges from the county, by the probate judge thereof.”
Six classes of cases are prescribed in which receivers may be appointed. The sixth class is: “In’ all other cases where receivers have heretofore been appointed by the usages of courts of equity.”
The usages of courts of equity, both as to the manner of appointing and discharging receivers, where it is not otherwise provided by statute, are alike applicable to cases arising under the code. In High on Receivers (sec. 826) it is said : “ The jurisdiction of a court of equity which is exercised in the removal of receivers bears a striking resemblance to that which is called into action upon the dissolution of an interlocutory injunction, and in both cases the power to terminate seems to flow naturally and as a necessary sequence from the power to create.” And in Penn v. Whitehead, 12 Gratt. 83, it is laid down that the power to appoint a receiver, when one is necessary for the preservation of property pending an injunction suit, is incident to the power to grant an injunction; “ and the latter power being expressly conferred by law on a judge in vacation, the former is conferred on him by implication.”
The same power to appoint receivers is conferred on the judges named as on the courts; and although there is no express provision authorizing the discharge of a receiver either by the court or a judge, yet we think the power to vacate the appointment is clearly implied in the power to appoint.
We are not called on in this case to say what would be the authority of a judge at chambers, where the court making the appointment and in which the action is pending, is in session so as to allow of the application being made to the court. But whore there is by adjournment such an interval in the session as to prevent the party from making his application to the court, without suffering injustice from the delay, it is both the. right and duty of a judge to act on the application at chambers.
It is claimed that neither the appointment nor discharge *13 of a receiver can be made out of the. county in which the action is pending.
There is no grounds for this claim. The judges of the court of common pleas are judges of their respective districts. The subdivision of the districts is for election purposes merely. Harris v. Gest, 4 Ohio St. 472. The authority of the several j udges to hold court and to exercise jurisdiction at chambers is co-equal, and extends throughout the district. Any number of them may sit in holding the same court. Constitution, art. 4, sec. 3. The judicial labor of the district is to be apportioned by the judges among themselves.
It is also claimed that it is implied from the clause of the statute which authorizes the probate judge to act in the absence of the other judges from the county, that the authority of those last named is also limited to the county.
¥e think no such implication arises. The clause in relation to the probate judge was merely designed to give parties the privilege, when there was no other judge in the county, of applying to the probate judge, rather than be compelled to go out of the county to find one of the other judges to whom to make the application.
3. But conceding the power of the judges at chambers to vacate the receivership, the next question is whether the subsequent order of the court assuming to annul their action, is of such a nature as to be subject to review on error.
The ground on which the negative of this proposition is asserted, is that the question of the appointment or discharge of a receiver is a matter resting in the discretion of the court.
As a-general proposition this is true. But before judicial action can be justified on the ground of discretion, the case must be one calling for the exercise of discretion. The power to appoint or discharge a receiver is not an arbitrary power. The cases in which the power may be exercised are prescribed by law, and it is only in such cases that the power can be legally exercised.
If the petition makes no case for the appointment of a *14 receiver, or if the appointment was originally proper, yet under the changed conditions it is clear from the undisputed facts that he ought not to be continued, a refusal of the court, on proper application, to discharge him, is judicial error. M. & M. R. R. Co. et al. v. Soutter, 2 Wall. 510; Gibson & Harris v. Martin, 8 Paige, 482.
In making the order in question, the court of common pleas had before it no matter calling for the exercise of discretion. The receivership had been vacated by the order of the judges. Whether they had authority to make the order was a question of law merely ; it was in no sense a matter depending on the discretion of the court. No new state of facts was brought before the court for its action. - The court acted on the original case, and assumed to treat the order of the judges as a nullity. In this it assumed an authority which the law does not warrant, and committed grave and manifest error. Welch v. Byrns, 88 Ill. 21.
Whether the order of the court is void, or voidable only, we need not now inquire. Its effect was prejudicial to the plaintiff in error, and for this reason it should be reversed. Evans v. Iles, 7 Ohio St. 283.
But it is urged against the present application that the plaintiff in error should be required to prosecute his petition in error in the district court.
The usual course is to require suitors, before coming into this court, to seek redress in the district court. The district court to which the application in the present- case would have to be made, will not again be in session until next year.
In view, therefore, of the serious invasion of the plaintiff’s rights apparent in the record before ns, and of the consequences of awaiting redress in the district court, we consider it the duty of this court to take cognizance of the case, and promptly correct the error.
We are unanimous in the opinion that the leave asked *15 ought to be granted, and the order of the court of common pleas reversed.
It is accordingly so ordered.