HARRIS and another, Appellants, vs. WELCH and others, Re-
spondents. ·

*February 2—February 20, 1912.*

*Abatement and revival: What causes of action survive: Deceit: Ap-*
*plication to revive: Special proceeding: Practice: Discharge of*
*executors: Laches: Appeal: Former decision: Conclusiveness:*
*Review: Discretionary matters: Affirmance and reversal.*

1. A proceeding to revive an action is a special proceeding, not one
in an action, and the entitling thereof as in the action, and sug-
gestions in the moving papers in harmony therewith, are mere
informalities which will be disregarded as immaterial.

2. The fact that pending an appeal from an order refusing to revive
an action against the personal representative of a deceased
defendant, such representative settled his accounts and was
in form discharged by the county court, does not oust this court
.of jurisdiction to hear the appeal, and it will not be dismissed
on that ground.

3. A decision in an action brought by plaintiffs as assignees of a
contract, that such action was one for deceit, is binding upon
them in a subsequent action based upon substantially the same
facts.

4. Since the enactment of ch. 353, Laws of 1907, a cause of action
for deceit survives the death of the party originally liable.

5. Upon an appeal in a matter wherein the trial court failed to
exercise its discretion because of an erroneous view of the
law, the decision will be affirmed if right, however untenable
the ground upon which it was rendered. BARNES and SIE-
BECKER, JJ., dissent.

6. To justify an affirmance in such case it is not necessary to de-
termine that a contrary decision by the trial court would have
been an abuse of discretion. If the right of the matter is
clear, this court will act upon the preponderating probability
that the trial court would have decided accordingly if it had
passed upon the vital questions involved. BARNES and SIE-
BECKER, JJ., dissent.

7. An application to revive an action for deceit was properly denied
where it appeared that, upon the trial of a previous action for
substantially the same cause, plaintiffs' counsel admitted that
the matters complained of had been settled by acts of the par-
ties before suit, but was allowed to discontinue the action with-
out prejudice, against defendants' objection; that the subse-

quent action was not commenced until the alleged cause was nearly six years old; that plaintiffs delayed closing the first suit by judgment, and defendants had been put to great expense and forced to take two appeals to the supreme court to secure a proper judgment therein; and that in the interval the relations of the parties had changed and several had died.

APPEAL from an order of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

In 1906, an action was brought by plaintiffs and John H. Harris against Charles A. Welch and the *White Rock Mineral Spring Company* for damages claimed to have been caused by Welch having made, in his own behalf and in behalf of the *Spring Company* and its stockholders, false and fraudulent representations. The claim, in general, was that in February, 1903, Welch, in his own behalf and that of his associates and company, by false representations, in writing, as to the business and property of said company, induced *E. R. Estberg,* his associates and assigns, to undertake, for a time, as exclusive agents, to sell the property of the company and its corporate stock. Later, an interest in such agency contract was assigned to each of several other persons, including plaintiffs. Relying on such false representations such assignee and assignors expended large sums of money in carrying out such agreement, resulting in an executory contract of sale. The executory vendee relied on the false statement made to the original agents. Later, such vendee discovered the truth, refused to perform, and canceled the contract, to plaintiffs' damage in the sum named.

Welch and the *White Rock Mineral Spring Company* answered, putting in issue the allegations of fraud, denying that plaintiffs or their associates were contracted with as sales agents, alleging that they were dealt with under an option as prospective purchasers, and, in addition to other defenses, pleading that after the happening of the events claimed by plaintiffs to have occurred, and the expiration of the option to purchase, because of the option holders, including plaintiffs,

having, in good faith, expended time, labor, and money to ac-
quire the property, and for a full settlement of all claims of
every kind and nature growing out of the previous transac-
tions, a second option to acquire the property was given the
parties, which was accepted and held till it expired without
their choosing to take the fruits thereof.

After the action had been pending for some over two years
it was brought on to be heard and the trial commenced.   After
some evidence was taken, plaintiffs' attorney said to the court
that he was satisfied of the truth of the allegations respecting
a second option, and that it precluded recovering for anything
which occurred as to the first.   For that reason plaintiffs
asked leave to discontinue.   Defendants opposed the motion,
insisting upon a dismissal upon the merits.   Nevertheless the
motion was granted, but the case was not finally closed by
judgment till over a year thereafter.

Pending such final closing, and just within the limitation
period fixed by the statute, this action was commenced by
substantially the same plaintiffs against the same defendants
to recover the same damages sought to be recovered before and
upon the same ground; except that what was before denomi-
nated an agency contract was said to be an option to purchase,
as alleged by defendants in their first answer, and that the
false statement was given to plaintiffs' assignors for the pur-
pose of inducing them and others to enter into the transac-
tion; that all were so induced; that relying thereon plaintiffs
contracted to sell the property to others,—who also relied
thereon, all to the knowledge of Welch, he actually participat-
ing in making the contract and organizing a company to carry
it out in the interest of the executory purchasers; that before
the time arrived for final consummation of the transaction,
the falsity of the representations was discovered, resulting in
the whole matter failing, to the loss of plaintiffs in money and
labor expended, and otherwise in the sum for which judgment
was claimed.

The defendants Welch and the *White Rock Mineral Spring Company* answered, among other things, by putting in issue the allegations of fraud and pleading the second option, as before. January 18, 1910,—after issue joined, the first action was finally closed, so far as the trial court was concerned, by a judgment of discontinuance with costs in favor of defendants, judgment being entered upon application of plaintiffs, and defendants still demanding a judgment upon the merits.

Upon the order granting the motion for leave to discontinue being entered, defendants appealed, to test the question of whether they should not have judgment as demanded. The appeal was dismissed because the order was not appealable. 141 Wis. 304, 124 N. W. 406. In due time the case was closed by judgment and a second appeal taken to this court. 144 Wis. 506, 129 N. W. 525. Pending that, Mr. Welch died and a personal representative was substituted in his place. The judgment was reversed and the cause remanded for dismissal upon the merits because the action was for damages for deceit, alleged to have been practiced upon plaintiffs' assignors; that the cause of action, if there were one, accrued to such assignors and, being for deceit, did not pass to any extent, to plaintiffs by a mere assignment of an interest in the contract; moreover, that the plea of a second option having been given in settlement of all claims on account of anything which occurred in or about the first, was a good defense, and plaintiffs having in open court upon the trial confessed the truth of the plea and its efficiency, the trial court should have rendered judgment of dismissal upon the merits. Thereafter such judgment was rendered. Pending the final disposition of the appeal the prosecution of this action was stayed on application of defendants to await such disposition.

During the period of the stay, and after the death of Mr. Welch, in *ex parte* proceedings in plaintiffs' behalf, the cause was, in form, revived, but later, to the end that the

matter might be presented on notice and with opportunity for the personal representative to be heard, the order of revival was vacated. In the meantime, by leave of court, the final determination of the first action and grounds thereof were pleaded in bar in the second action. The death of Mr. Welch and other matters were also pleaded by way of estoppel. All such matters and others, showing some material change in the relations of the parties, were finally brought to the attention of the court on the motion to revive. Such motion, in form, was made in the action instead of outside it,—in other words, as a special proceeding.

The motion was denied, solely, upon the ground that the alleged cause of action was for damages for deceit and so, as to Mr. Welch, did not survive his death.

Pending the appeal from the foregoing the executors of the will of Mr. Welch completed their duties as such and were, in due form, discharged by the county court having jurisdiction of the matter. On such facts and the ground that the motion was improperly brought, a dismissal of the appeal was requested.

For the appellants there was a brief by *Gill, Barry & Mahoney,* and oral argument by *A. R. Barry.*

For the respondents *Margaret F. Welch* and *Charles G. Welch,* formerly executors of Charles A. Welch, there was a brief, and for the respondent *White Rock Mineral Spring Company* a separate brief, by *Doerfler, Green & Bender,* and the cause was argued orally by *Harrison S. Green* and *W. H. Bender.*

MARSHALL, J. A proceeding to revive an action, as counsel for respondent suggest, is a special proceeding, not one in an action. *Voss v. Stoll,* 141 Wis. 267, 124 N. W. 89. However, mere form is of little consequence under our system. The substantials, only, count efficiently. So here the mere entitling of the proceeding, as in the action, and sugges-

tions in the papers in harmony therewith, must be treated as immaterial and the order appealed from regarded as final in a special proceeding, disregarding all mere informalities.

The suggestion that pending the appeal the deceased has ceased to have personal representatives is also immaterial. When the motion was made there were such. The cause was once revived, even if somewhat irregularly, and the order was vacated to enable the personal representatives to be heard. The subsequent termination of their representative character on their own motion, or otherwise, after having been granted the opportunity for a hearing, does not oust the court of jurisdiction to hear the appeal. In case of the order being reversed the cause would go back for such further proceedings as might be appropriate to the case. The personal representatives at the time of the appeal, are still such as regards the matter here.

The ground upon which the order was entered denying the motion to revive is untenable. The cause of action, as the trial court held, is for deceit. That is ruled in respondent's favor by the decision in the former action. 144 Wis. 506, 129 N. W. 525. There is no difference between the two except, whereas in the first the theory was that the deceit was practiced upon plaintiffs' assignors prior to the assignment, and plaintiffs took a right to recover their loss as an incident of the assignment of an interest in the contract, the making of which was induced by fraud; in the second the theory was that the deceit was practiced upon appellants as well as upon their assignors,—upon the former through the latter, by the procurement of Welch, and thereafter by him directly.

However, the trial court was wrong in holding that a cause of action for deceit does not survive. That is true as the law existed when *John V. Farwell Co. v. Wolf*, 96 Wis. 10, 70 N. W. 289, 71 N. W. 109, was decided, but subsequently, by ch. 353, Laws of 1907, our survival statute was changed to harmonize with that of New York, doubtless for the purpose of avoiding the rule in the *Farwell Case*.

So if we are to look only to the ground upon which the motion turned below, a reversal and remand of the case for exercise by the trial court of its discretion as to whether to grant the motion, would be inevitable. It was formerly the case to do so,—to act here only by way of review of the original exercise of judicial authority. But latterly a broader conception of the letter and spirit of the Code has prevailed. The tendency in that direction is constant. That is to affirm the decision complained of, if manifestly right, however untenable may be the ground upon which it was rendered below. *Estate of Koch, post,* p. 548, 134 N. W. 663. That seems to be proper here; but not because, if the court below had decided otherwise it would have been erroneous, as an abuse of discretion. That view is not necessary to justify an affirmance here. If the right of the matter is clear, if there is such manifestly preponderating probability that the trial court would have decided accordingly and entered the order appealed from had it passed upon the real vital questions for consideration, then we may, and ought to assume, it would, in such circumstances, have so decided, and affirm such order upon the sole ground that it is right,—right regardless of the initial grounds therefor. That course tends to put a finish upon litigation when any other would often needlessly reopen matters to further contests, leading to further large private and public expenditure and waste; without any reasonable probability of reaching a more just termination of the matter.

It seems that one need but read the statement of facts to be convinced that the equities as well as the law are against the motion to revive. Many of the reasons assigned in *Allen v. Frawley,* 138 Wis. 295, 119 N. W. 565, for condemning the application to revive are significantly present in this case. The alleged cause was nearly six years old when the action was commenced. The previous one was insisted upon for over two years after defendants answered pleading the real nature of the first contract, as plaintiffs confessed in effect in the complaint in the second action, and pleading the second

contract in settlement of all differences growing out of the former transaction, which plaintiffs' counsel after long delay, evidently by fault of plaintiffs themselves,—delay till the trial was actually entered upon,—confessed was true and a perfect defense to plaintiffs' cause of action, if they ever had any. Even then they sought to keep the confessedly settled matter alive by discontinuing the action instead of having it dismissed upon the merits, doubtless because they appreciated that a judgment on the merits might be fatal to a second action on the theory of the fraud having been perpetrated upon them. They succeeded at first, as indicated in the statement,—an order of discontinuance was entered and then the second action was commenced without closing the first by judgment.

Such obstacles had to be overcome, as indicated in the statement, some of which were apparently thrown in the way by appellants for the purpose of delay, that it was some three years after the discontinuance, during which there were two appeals to this court with all the usual expenses, before the cause was finally dismissed upon the merits, as this court held it clearly should have been, promptly, upon plaintiffs' confession, through their attorneys, as before stated.

During the latter part of the long delay Mr. Welch died. The relations of others to the transaction have changed. Some of such others have died. Mr. Welch evidently acted in an agency capacity in all he did. Personal representatives of him could not, efficiently, take his place as regards those interested in his estate. The long delay, giving room for this changed situation, is largely attributable to plaintiffs. The radical shifting of position long after the commencement of the first action, putting the adversaries to the large useless expense mentioned, is a strong circumstance against the efforts to revive. By itself it might well be held an efficient estoppel in the matter.

But above all, this court held in the appeal in the first action that substantially the very matters on account of which

recovery was sought in the second, were, as before indicated, settled some two years before commencing the first. Plaintiffs themselves confessed it. . Such first action was disposed of by judgment on such confession and such judgment was duly pleaded in the second action, as we have seen. That does not seem to leave the moving parties any support for their application to revive. So from any viewpoint the order denying the motion is manifestly just. Therefore, it should be affirmed and the long-drawn-out, expensive controversy brought to a final, undisturbable termination.

*By the Court.*—Order affirmed.

The following opinion was filed March 8, 1912:

BARNES, J. (*dissenting*). The circuit court never exercised its discretion as to whether it would permit the action to be revived. It erroneously placed its decision on the ground that the action did not survive. The law vests in the trial court a broad discretion as to when it will revive and when it will refuse to revive actions. The law vests in this court the power to say whether or not the trial court has abused that discretion. The law does not vest in this court the right to exercise the discretionary power conferred on the trial court. If this court could say that it would have been an abuse of discretion for the trial court to have ordered a revivor of the action, then it would be proper for this court to affirm the order appealed from. But it has not said so and in fact has said the contrary.

I am authorized to say that Mr. Justice SIEBECKER concurs in the foregoing.