Turner, J.,
 

 dissenting. We dissent for two reasons: In the first place we are of the opinion that the cases present final orders affecting a substantial right made in a special proceeding and, therefore, under the previous decisions of this court, are reviewable by the Court of Appeals.
 

 In the second place we see no reason for failing t6follow the practice in earlier cases.
 

 To discuss these reasons in inverse order: In the only cases where orders respecting revivorship have come to this court they have been disposed of as final orders made in special proceedings.
 

 In the statement of facts in the case of
 
 Carter
 
 v.
 
 Jennings,
 
 24 Ohio St., 182, 184, decided in 1873, it is said:
 

 “The administrators of Jennings object to the revivor in the name of the administrator of the plaintiff, on the ground that no authority is given by law to revive a special proceeding, such as was pending at the death of the.plaintiff.”
 

 Earlier in the statement four grounds of reversal were set out, all of them pertaining to the question of revivor, among them was the identical question which we have here, to wit;
 

 
 *7
 
 “4. That there was no revivor of the same, either absolute or conditional, within one year after the appointment of said administratprs, and that said administrators do not consent to revive the action.”
 

 The question did not come before this court again until 1908 in the case of
 
 Union Savings Bank & Trust Co., Exr.,
 
 v.
 
 Western Union Telegraph Co.,
 
 79 Ohio St., 89, 86 N. E., 478, 128 Am. St. Rep., 675, where the statement of facts discloses: “On full hearing the court of common pleas ordered that the case be revived in the name of The Union Savings Bank & Trust Company, as executor as aforesaid. The circuit court reversed the order of the common pleas court and proceedings thereunder, upon the ground that it erred in ordering the revivor of the action in the name o.f The Union Savings Bank & Trust Company, as executor as aforesaid. This proceeding is prosecuted to reverse the judgment of the circuit court.”
 

 The main case on its merits had been reversed by this court in
 
 Western Union Telegraph Co.
 
 v.
 
 Smith,
 
 64 Ohio St., 106, 59 N. E., 890. The plaintiff below died before the retrial of the case. The death being suggested, a conditional order of revivor was made, service had, hearing had, revivor made absolute, motion for new trial overruled, error to Circuit Court and finally error to this court. Question of final order not raised. This history is disclosed by the file in this court.
 

 Turning now to our first reason: The revivor provisions have been in our statute books since the enactment of the original Code of Civil Procedure (51 Ohio Laws, 123). The question as to what constituted a special proceeding first came up in the case of
 
 William Watson & Co.
 
 v.
 
 Sullivan,
 
 5 Ohio St., 42, where Judge Kennon said at page 44:
 

 “The legislature seems to regard all proceedings,
 
 *8
 
 not theretofore obtained by suit or action, as a special proceeding, or special statutory remedy; and it would seem to follow, that a provision in the code providing a proceeding, not by action, would be a special proceeding. ’ ’
 

 The case of
 
 William Watson & Co.
 
 v.
 
 Sullivan
 
 held that an order discharging an attachment was an order affecting a substantial right made in a special proceeding which might be reversed pending the action in which the order of attachment was made. The
 
 Watson
 
 v.
 
 Sullivan case
 
 has been followed through the years and instead of being limited has been expanded.
 

 In the case of
 
 Missionary Society of M. E. Church
 
 v.
 
 Ely,
 
 56 Ohio St., 405, 47 N. E., 537, Judge Spear said at page 407:
 

 “Our code does not, as does the code of New York, specify that every remedy which is not an action is a special proceeding, nor do our statutes give any definition of an action or a special proceeding. But wo suppose that any ordinary proceedings in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention' of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a judgment, is an action, while every proceeding other than an action, where a remedy is sought by an original application to a court for a judgment or an order, is a special proceeding.” See, also, 1 American Jurisprudence, 406, Section 4; 1 Corpus Juris Secundum, 1094, Section 42; 4 Corpus Juris Secundum, 233, Section 119;
 
 Harris
 
 v.
 
 Welch,
 
 148 Wis., 441, 134 N. W., 1041;
 
 Voss
 
 v.
 
 Stoll et al., Exrs.,
 
 141 Wis., 267, 124 N. W., 89;
 
 Levin, Admx., v. Muser, Admr., 107
 
 Neb., 230, 185 N. W., 431;
 
 National Council of Knights and Ladies of Security
 
 v.
 
 Weisler,
 
 131 Minn., 365, 155 N. W., 396;
 
 Havill
 
 v.
 
 Havill,
 
 332 Ill., 11, 163 N. E., 428.
 

 
 *9
 
 In the case of
 
 Cincinnati, Sandusky & Cleveland Rd. Co.
 
 v.
 
 Sloan,
 
 31 Ohio St., 1, it was held:
 

 “Whether, under-the code, an order of the court is reviewable or not on error, is to be determined by its substance and effect, without regard to whether it is of a legal or equitable nature.”
 

 Section 11401, General Code, provides:
 

 “If before judgment, one of the parties to an action dies, or his powers as a personal representative cease, but the right of action survives in favor of or against his representatives or successor, the action may be revived, and proceed in the name of such representatives or successor.”
 

 Section 11403, General Code, provides:
 

 “A revivor also may be effected by a conditional order of the court, if made in term, or by a judge thereof, if in vacation, that the action be revived in the name of the representative or successor of the party who died, or whose powers ceased, and proceed in favor of or against him.”
 

 Section 11404, General Code, provides:
 

 “The order may be made on the motion of the adverse party, or of the representative or successor, of the party who died, or whose powers ceased, suggesting his death, or the cessation of his powers, which, with the name and capacities of his representatives or successor, shall be stated in the order.”
 

 Section 11405, General Code, provides:
 

 “If the order is made by consent of the parties, the action' shall stand revived forthwith. When not. made by consent, the .order shall be served upon the party adverse to the party on whose motion it was made, in the same manner and returned within the same time, as a summons. If sufficient cause be not shown against the revivor, the action shall stand revived.”
 

 Section 11410, General Code (51 Ohio Laws, 57),
 
 *10
 
 which applied in the
 
 Prentiss
 
 and
 
 Pomerene. cases
 
 pro* vided:
 

 “An order to revive an action against the representative or successor of a defendant shall not be made without the consent of such representative or successor, unless within one year from the time it first could have been made.”
 

 That section has now been amended and the section’ applicable to the
 
 Biclmell
 
 and
 
 Hunt cases
 
 is Section 11408, General Code (effective August 22, 1941, 119 Ohio Laws, 419), which provides:
 

 “Upon the death of a defendant in an action wherein the right, or any part of it, survives against his personal representative, the revivor shall be against him. An action for the recovery of money pending at the death of the defendant shall not be revived against the executor or administrator as provided in any of the sections in this subdivision of this chapter, unless written notice of the application or proceedings for such revivor shall be given to the executor or administrator within the time provided for the presentation of claims by creditors in Section 10509-112 of the General Code. The revivor may also be against the heirs or devisees of the defendant or both, when the right of action, or any part of it, survives against them.”
 

 In the case of
 
 Porter, Exr.,
 
 v.
 
 Lerch,
 
 129 Ohio St., 47, 193 N. E., 766, it was held:
 

 “When properly invoked, the remedy of revivor given by Section 11403, General (Jode, is a matter of right and not of discretion.”
 

 We wish to emphasize the words “when properly invoked” occurring in the foregoing syllabus and, further, we wish to emphasize the provision of Section 11401, General Code, that those actions only may be revived which survive in favor of or against the representative or successor and the provisions of former Section 11410, and present Section 11408, General
 
 *11
 
 Code, as to the time within and conditions upon which a revivor may be had. Both the question of survivor-ship of the causes of action in the main case and the question of whether the revivors were timely made were raised 'in the instant case.
 

 In the case of
 
 Armstrong, Recr.,
 
 v.
 
 Herancourt Brewing Co., 53
 
 Ohio St., 467, 42 N. E., 425, it was held:
 

 “1. The term ‘substantial right,’ as used in Section 6707, Revised Statutes, [Section 12223-2, General Code] involves the idea of a legal right. '
 

 “2. Such right is one which is enforced and protected by law.”
 

 Substantial rights are involved in the instant cases. The rights involved are those which are enforced and protected by law. The questions here are not merely procedural questions, they are questions of substantive right. No plaintiff has a right to have a cause of action revived against the representative of a defendant unless such right is exercised within the time limited by Section 11410, General Code, and no plaintiff has the right to have a cause of action revived which does not survive. The fact that we might at this time be of the opinion that both of these questions should be decided against appellants should not induce us to deny to appellants the right first to have the judgment of the Court of Appeals thereon. Neither of these questions is properly before us and can reach us only after the Court of Appeals has reviewed these cases. The language of three judges hereinafter quoted is appropriate to the situation here.
 

 ■ In the case of
 
 Sullivan
 
 v.
 
 Associated Billposters & Distributors of the United States & Canada,
 
 6 F. (2d), 1000, 42 A. L. R., 503, Judge Rogers, speaking for the Circuit Court of Appeals for the Second Circuit, said at page 1002:
 

 “But, before proceeding to the consideration of the real question presented, it is necessary to dispose of
 
 *12
 
 a preliminary question. Unless the order made in the court below and brought here by writ of error is a ‘final’ order, we have no authority at this time to determine the question of its' validity. But we have no doubt that the order which denied the right to revive the action against the executors of a deceased defendant is a ‘final’ decision and therefore reviewable by this court.”
 

 In the case of
 
 Chilcote, Gdn.,
 
 v.
 
 Hoffman,
 
 97 Ohio St., 98, 119 N. E., 364, L. R. A., 1918D, 575, Judge Donahue said at page 102, respecting abatement and revivor:
 

 “The purpose of this section of our code is; to prevent the useless annoyance, delay, cost and expense of bringing a new action where the cause of action survives. Certainly it was not the legislative intent that a pending action should not abate by the death of a party, where the cause of action does not survive his death. Such a construction would render the statute ridiculous. A pending action cannot survive the cause of action upon which the action itself is predicated.”
 

 The foregoing language of Judge Donahue was approved by Judge Williams in the case of
 
 State, ex rel. Ahrens,
 
 v.
 
 City of Cleveland,
 
 133 Ohio St., 423, 14 N. E. (2d), 351, where he stated at page 425 in discussing the sections of the General Code respecting survivor-ship :
 

 ‘ ‘ There is no express provision in Ohio to the effect that an action cannot be revived if the right of action does not survive; but essentially such an implication arises from the language employed in Sections 11401 and 11407. If the right of action does not survive, revivor would be a vain thing, for the substituted relator could show no title in the cause of action and the proceeding would necessarily fail. Since the law does not require the doing of a vain thing the conclusion is in
 
 *13
 
 evitable that a cause cannot be revived if the right of action does not survive.”
 

 Attempts have been made to distinguish between; a decision of the trial court refusing revivor and a: decision granting revivor. It is our opinion that there is no difference in principle. They are both final orders in respect of survivorship and both made in special proceedings.
 

 In 2 American Jurisprudence, 903, Section 92, it i&, said:
 

 “An order granting or denying the right to revive an action is a final decision and hence reviewable.”
 

 Matthias and Hart, JJ., concur in the foregoing dissenting opinion.