[L. A. No. 3463.    Department Two.—November 23, 1915.]

CLARA RUSSELL GREENLEE, Appellant, v. THE LOS ANGELES TRUST AND SAVINGS BANK (a Corporation), Respondent; MARIE C. GREENLEE, Appellant; PAUL M. GREENLEE, Defendant; T. K. KASE, Intervener and Respondent.

PROMISSORY NOTE — PARTIAL ASSIGNMENT BY PAYEE — SUBSEQUENT EXTINGUISHMENT BETWEEN MAKER AND PAYEE—EFFECT ON INTEREST OF ASSIGNEE.—In an action by the maker of a note to compel a trust company to surrender the note, and make reconveyance of the real estate conveyed to it by deed of trust as security, the note being deposited by the payee with the trust company, with instructions that the attorney of the payee held an interest in the note conveyed to him for an antecedent debt, and to pay a stated part of the proceeds of the note to the attorney, all of which was known to the maker of the note, a payment by the maker to the payee in full payment of the note was held not to defeat the rights of the attorney as assignee thereof, or the trust company as trustee for him of the interest in the note assigned to him.

ID.—ANTECEDENT DEBT AS CONSIDERATION FOR ASSIGNMENT.—An antecedent debt is a sufficient consideration for an assignment by the payee of a promissory note to the creditor of such debt.

ID.—FRAUDULENT ASSIGNMENT—ASSIGNOR CANNOT COMPLAIN OF AFTER PARTING WITH ALL INTEREST.—The payee of a promissory note cannot be heard to complain of fraud in the assignment by herself of an interest in the note to a third person after she has parted with all interest in the note and security to the maker thereof.

ID.—POSTPONEMENT OF TRIAL—ILLNESS OF DEFENDANT.—It was not error to refuse to postpone the trial because of absence of a defendant through illness when no relief was asked against such defendant and counsel had stated to the court that the purpose of her being present was to give evidence upon the question of fraud, which was not before the court on the issues raised by the pleadings.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Scarborough & Bowen, and Cobb & Dean, for Appellants.

Edwin A. Meserve, and W. R. Hervey, for Respondents.

HENSHAW, J.—Plaintiff brought her action against the defendant bank and the defendant Marie C. Greenlee to compel a surrender to her of a certain promissory note and a reconveyance to her of land which she had conveyed to the bank by trust deed as security for the payment of her note. Claiming an interest in the note and in the security given for its payment, T. K. Kase intervened. Judgment was given in favor of the bank and of the intervener, and from that judgment and from the order denying their motion for a new trial plaintiff Clara Russell Greenlee and defendant Marie C. Greenlee have appealed. The following facts are material to the consideration: Plaintiff and Marie C. Greenlee were related by marriage. Plaintiff executed her promissory note payable "to Marie C. Greenlee or order" for the sum of four thousand five hundred dollars. Contemporaneously, and as a part of this transaction, she executed a trust instrument with herself party of the first part, the defendant bank party of the second part, and the payee of the note, Marie C. Greenlee, party of the third part. This trust instrument set forth the promissory note and made conveyance of certain land in trust to the bank, and declared with precision and detail the terms of the trust upon which the bank was to hold the property. It was to be held not only as security for the amount of existing indebtedness from the party of the first part to the party of the third part, but to secure any future indebtedness. Provision was made authorizing, but not compelling, the parties of the first and third part to pay taxes, assessments, insurance, and the like upon the property, which payments were to become first liens. Provision for sale was made and the order of distribution of the funds from the sale was prescribed. Upon the date which this trust deed bears, defendant Marie C. Greenlee herself signed and presented to the bank a request accompanied by instruction, of which the following is the substance: She requested the bank to accept the trust above referred to executed by Clara Russell Greenlee. She requested the bank to accept this trust not only upon her behalf but on behalf of her attorney, T. K. Kase (intervener herein), "it being my express direction to you,"

so runs her communication, "that you pay and deliver to Mr. T. K. Kase, out of the amount realized by you, pursuant to the provisions of said trust deed, the sum of two thousand two hundred and fifty dollars ($2,250) with interest at eight per cent per annum.   For your information I inform you that I am indebted to Mr. Kase in the sum of two thousand two hundred and fifty dollars ($2,250) with interest, pursuant to the terms of a promissory note, heretofore given by me to him, and that it is now my express direction to you that out of the amounts received by you for me, on account of principal or interest, and as each is received, you pay and deliver to Mr. Kase one-half thereof, until my obligation to him is fully discharged.   In other words, you hold said promissory note of Clara Russell Greenlee and trust deed jointly for Mr. Kase and myself.   I also request that no disposition of said trust be made in any way by you, or at any time by you, without first obtaining the written consent of Mr. Kase, and that if at any time he shall withhold his consent to my proposed action by you, that you refrain from said proposed action, and particularly do these directions apply to any assignment, or attempted assignment, by me at any time; it being my expressed request and direction to you that no assignment by me of any interest in said trust deed shall be recognized by you, or be deemed valid, either in law or in equity, until my said assignment shall be consented to, in writing, by Mr. Kase."   The bank accepted these trusts and engagements and took into possession, besides the trust deed of plaintiff and the written instructions of defendant Marie C. Greenlee, the promissory note above referred to.   This was in January, 1911.   In July, 1911, the bank notified the plaintiff that interest upon the note was overdue and unpaid, and that the payee of the note had advised the trustee that unless the interest was forthwith paid, she would exercise her option to declare the whole sum of principal and interest due and payable.   Later in July the bank, still acting under the instructions of Marie C. Greenlee, notified plaintiff that the payee had exercised her option and had declared the whole principal sum of the note due by reason of the default in the payment of interest, and, further, that she had instructed the bank to proceed under the terms of the trust to sell the property.   Immediately following this, in July, written instructions so to proceed to sell the property under the trust deed

were presented to the bank, signed by Marie C. Greenlee and her attorney, T. K. Kase, intervener herein.    On August 12th following, plaintiff commenced this action, seeking a judgment setting aside and avoiding her promissory note and trust deed, and alleging in that behalf that they were executed to Marie C. Greenlee in full satisfaction of all claims which Marie C. Greenlee might have against plaintiff "on account of the alleged alienation of the affection of Paul M. Greenlee, the husband of defendant Marie C. Greenlee"; that it was understood that the note and deed of trust should be of no efficacy until Marie C. Greenlee had in turn executed to plaintiff full waiver and satisfaction of all her claims and demands for this asserted alienation, but that Marie C. Greenlee had never done so, but, on the contrary, continuously after the execution of the note and deed of trust declared "that she had a cause of action against plaintiff for the alienation of the affections of her husband Paul M. Greenlee and threatened and still threatens to commence such action" against this plaintiff.    To this complaint defendant Marie C. Greenlee made answer, admitting that it was agreed between her and plaintiff that a satisfaction and waiver of all claims by her against plaintiff, and particularly of all claims against plaintiff on account of the alienation of the affection of her husband, should be given.    Further, she alleged that she had signed, acknowledged, and duly executed such waiver and satisfaction, which waiver and satisfaction was prepared by the attorney at law of plaintiff.    She alleged that she did have a cause of action and a claim for damages against plaintiff "because of the unquestioned alienation of the affection of said Paul M. Greenlee and the conspiracy of said Clara Russell Greenlee with others to deprive this answering defendant of the affection, care, and protection of said Paul M. Russell Greenlee"; but further alleged that by virtue of the release and satisfaction which she had executed she had forever surrendered, canceled, and annulled all her rights in and to such claim and cause of action against Clara Russell Greenlee.    Still further she asserted as a consideration for the execution of the promissory note and deed of trust that her right in the community property of herself and her husband, Paul M. Greenlee, was of the value of five thousand dollars, and that she was induced by her husband and by plaintiff to surrender this right, and did surrender it by accepting the

sum of five hundred dollars cash and the promissory note for four thousand five hundred dollars here in question. Defendant Marie C. Greenlee's attorney at law in the preparation and filing of this answer was T. K. Kase, intervener herein. It perhaps should be added that Marie C. Greenlee was the daughter-in-law of Clara Russell Greenlee, wedded to the latter's son. On November 23d following, the family differences between the two women seemed to have been in part, at least, adjusted, for upon that date the bank received a written notification from Marie C. Greenlee to the effect that she was the legal owner of the promissory note for four thousand five hundred dollars; that the note, together with all sums due her thereon and thereunder, had been paid. This notification was accompanied by instructions to the bank that on payments of any sums due to it under the trust it should forthwith reconvey to Clara Russell Greenlee the trust property. Following this T. K. Kase, Marie C. Greenlee's former attorney at law, by permission of the court, filed his complaint in intervention, alleging that for value received Marie C. Greenlee, by an instrument in writing, had assigned, sold, and transferred to him an undivided one-half interest in the note and its security; that notice of the transfer and assignment had been delivered to the bank and accepted by the bank. The intervener prayed that his rights be adjudicated accordingly and that the bank be compelled to execute the trust by sale of the property and disposition of the proceeds. To this complaint in intervention Marie C. Greenlee answered, declaring in terms that this assignment by her of one-half interest in the note and security to her attorney at law was executed without consideration, and in effect averring that she was induced to make this colorable assignment by the representations of her attorney that plaintiff would be more likely to pay her promissory note of four thousand five hundred dollars if advised that her attorney owned a half interest in it. She further averred that she had paid to the attorney $405 on account of his services, and that that was the full and reasonable value of them, and that she was not indebted to the intervener in any sum whatever. Plaintiff also answered this complaint in intervention, and therein alleged that on the twenty-third day of November, 1911, she had purchased her promissory note of four thousand five hundred dollars from Marie C. Greenlee, by paying to her the sum of

$2,250, which Marie C. Greenlee accepted in full discharge and satisfaction of the note; "that in that manner this defendant paid said note and the same was canceled, and this defendant does not owe the same nor any part thereof to said Marie C. Greenlee or to this plaintiff in intervention or to any other person." The trial resulted in findings in favor of the intervener that one-half of the note and its security had been assigned by the defendant to the intervener. Judgment was rendered accordingly and the trustee was directed to proceed and sell the property under the deed of trust.

Certain evidentiary matters in support of the findings may here properly be set forth: It was shown that Marie C. Greenlee, long before the date of the execution of the four thousand five hundred dollars promissory note and trust deed, was indebted to T. K. Kase in the sum of $2,250 upon her promissory note of two thousand five hundred dollars, $250 of which she had paid. This evidence comes from the written and signed statement of Marie C. Greenlee herself, she declaring "the balance which I owe Mr. Kase on that note of $2,250 with interest is to be paid to him out of the proceeds to be realized on the promissory note secured by trust deed, both given by Clara Russell Greenlee to me, and the delivery to the Los Angeles Bank & Trust Company, of which has been arranged, or the payment by me of the balance due on Mr. Kase's note may be made sooner by me if I desire." It was shown, moreover, that before the payment by Clara Russell Greenlee to Marie C. Greenlee of $2,250, by which payment she insists that she "purchased" her own promissory note and thus became entitled to a reconveyance of the trust property, Clara Russell Greenlee and her attorneys were fully informed of the interest of Kase, intervener, in that note, and its security and the writings declaring that interest had been put before them by the bank. And finally it is shown that the $2,250 for which Marie C. Greenlee "sold" to the maker the whole of the promissory note for four thousand five hundred dollars was the total sum which she was entitled to receive; or, in other words, after having received the total amount which could come to her from the promissory note she endeavored to sell out her attorney's interest in the note, which interest had passed from her by assignment. And finally, in connection with the allegation of fraud which she makes in the procurement of this assignment, it is further to

be noted that by arrangement with Clara Russell Greenlee she is to receive three hundred dollars more from her in the event that she is able to defeat the Kase assignment, and save Clara Russell Greenlee from paying the other moiety of the note.

The first proposition advanced upon this appeal is that there was no assignment, legal or equitable, to the intervener which in any way affected the rights of the maker of the note in paying and purchasing the same from the payee, and that by that purchase full legal and equitable title in the note passed to the maker and her debt to the payee was wholly extinguished. But the appellant is unable to cite any case where, under circumstances such as are here presented, such a construction has been put upon such transactions either by law or by equity. A debtor may pay and receive a complete discharge if not advised of the rights of an assignee to whom the primary debtor has assigned the debt in whole or in part. A debtor may not ordinarily and without his consent be subjected to the annoyance of meeting split demands upon a single obligation to pay. Thus an order or check or bill of exchange drawn against part of a fund will not operate as an assignment of that part unless the debtor—the holder of the fund—recognizes and assents to the demand in some way. (*Donohoe-Kelly Banking Co.* v. *Southern Pacific Co.*, 138 Cal. 183, [94 Am. St. Rep. 28, 71 Pac. 93] ; *Buckeye Refining Co.* v. *Kelly*, 163 Cal. 8, [Ann. Cas. 1913E, 840, 124 Pac. 536] ; *Graham Paper Co.* v. *Pembroke*, 124 Cal. 117, [71 Am. St. Rep. 26, 44 L. R. A. 632, 56 Pac. 627].) Such cases, we repeat, have nothing to do with the situation here presented. To plaintiff's knowledge the bank had become the custodian of the promissory note for purposes of collection. The bank had also accepted and become a trustee under the trust for Kase's interest in the trust note and trust property which had been assigned to him. Good business prudence dictated that the settlement of the matters of the trust should be had with the bank, and plaintiff and her attorneys attempted to make such a settlement. They were then fully advised of the bank's position and of the intervener's interest. The bank holding the note for collection, and properly holding it under the terms of the trust, it became plaintiff's duty in the closing up of the matters of the trust to pay the moneys to the bank and receive back her canceled promissory note and a reconveyance

of her property.   None of these things does she do, but in her effort to defeat the intervener's interest she pays to Mary C. Greenlee the money which would go to her under an execution of the trust, and promises her three hundred dollars more, payable upon the contingency of the defeat of the Kase claim. In short, she offered an inducement to the defendant to do precisely what she did do, in alleging improper and fraudulent practices upon the part of her attorney.   It is too plain to call for further discussion that Marie C. Greenlee did assign one-half interest in the trust note and property to Kase, that the bank accepted this trust upon behalf of Kase, that plaintiff had full knowledge of all these matters, and therefore could not, by the devious method which she adopted, defeat the Kase interest.

It is next asserted that the court erred in refusing to allow evidence of the lack of consideration passing from Kase to his client, Marie C. Greenlee, in the matter of the assignment to the former, and further erred in refusing to allow evidence that the assignment itself was procured by fraud.   The two propositions may be considered together, and for this reason: There was clearly no lack of consideration, since the assignment in effect was given as security for the payment of the pre-existing promissory note of Marie C. Greenlee to Kase upon which she owed $2,250—exactly one-half of the four thousand five hundred dollars trust note.   Nowhere does Marie C. Greenlee attack the validity of this note, whose execution long antedated the trust note and deed and her assignment to Kase of a half interest therein, and, in addition to this, the writing itself of course imports a consideration. Therefore we say that a consideration being abundantly shown, appellant's sole proposition resolves itself into a complaint of the court's refusal to allow evidence of fraud in the procurement of this assignment, for it is unnecessary to say that notwithstanding the pre-existing indebtedness owed by Marie C. Greenlee to Kase, if he obtained security for this indebtedness from his client by fraud, that security he could not be permitted to retain.   But what are the facts in this regard?   They are that Marie C. Greenlee made no charge of fraud in the matter of the procurement of the assignment until long after she had parted with all interest in the trust note and security.   If the controversy had been between herself as assignor and Kase as assignee over the validity of the

assignment, she would have been entitled to a full hearing upon her charges of fraud in its procurement. But having parted with all interest in the note and trust deed, she parted also with the right to complain of this asserted fraud, and that right either died or passed by virtue of her transactions with the plaintiff to the latter. (*Walker* v. *Felt,* 54 Cal. 386; *Crescent Canal Co.* v. *Montgomery,* 124 Cal. 142, [56 Pac. 797].) Did this right to avoid the assignment for the asserted fraud pass then to plaintiff? Respondent insists that touching plaintiff's position she is within the familiar equitable principle that a naked right of action for fraud is not assignable, that an interest in property must pass to give to the assignee a right to enforce the remedies available to one who has been defrauded. (*Emmons* v. *Barton,* 109 Cal. 666, [42 Pac. 303]; *Archer* v. *Freeman,* 124 Cal. 528, [57 Pac. 474]; Story's Equity Jurisprudence, p. 1040.) But we need not here stop to consider whether or not plaintiff occupies the position of an assignee who may set up the fraud, and this for the simple reason that she nowhere seeks to avail herself of the fraud. She filed her answer—even her amended answer—to the complaint in intervention. If she relied upon fraud to avoid that instrument, she was presented with a clear opportunity and confronted with a clear duty of alleging and proving the fraud. She did not undertake to do so, and at the trial, through her attorney, declared that she expected to prove the facts alleged in her proposed amended answer, "but had no other evidence than those facts." It follows, therefore, that the court ruled correctly in excluding the evidence of fraud tendered upon behalf of Mary C. Greenlee after she had parted with all her interest in the subject matter of the controversy.

Certain minor objections are advanced by appellant which require but brief consideration. Thus it is said that it was error for the court to refuse to postpone the trial of the action while defendant Marie C. Greenlee was on the stand and was taken ill. But this statement does not comport with the record. Marie C. Greenlee was not upon the stand and taken ill when the court refused a continuance. The trial had proceeded for some time when, upon one of the days of its resumption, Marie C. Greenlee was absent by reason of illness. No relief of any kind, it will be borne in mind, was sought

against Marie C. Greenlee, plaintiff having absolutely abandoned her complaint, and the trial being had solely upon the complaint in intervention and the answers thereto. It was said before the court that Marie C. Greenlee's presence was desired that she might testify in support of her answer alleging fraud. The court, ruling that the evidence was inadmissible, properly ruled, also, that her presence was not necessary.

There was no error in the court's refusal to receive in evidence a communication signed by Marie C. Greenlee under date of June 20, 1912, revoking and countermanding her assignment of January 13, 1911. Not only had the intervener's rights attached by virtue of this assignment and the acceptance of it by the bank, but the attempted revocation was made long after Marie C. Greenlee had parted with all interest in the subject matter of the controversy.

Appellant makes complaint of an irregularity in the form of the judgment. The court awarded a judgment to the intervener for $2,250—one-half of the promissory note, with interest,—and commanded the Los Angeles Trust and Savings Bank to execute its trust under the trust deed. The objection to the judgment is that as by the terms of the trust deed the proceeds of the sale of the property were to be paid to Marie C. Greenlee and not to the intervener, the intervener could receive nothing from this sale. We think the statement of the proposition contains its refutation. But even if appellant's position were true, since her obligation would be extinguished, it cannot be a matter of concern to her whether the intervener or Marie C. Greenlee receives the fruits of the judgment. And, finally, appellant complains that there is no direct finding that Marie C. Greenlee's assignment and instructions to the bank in regard thereto were ever accepted by the bank. The findings declare upon the assignment from Marie C. Greenlee to the intervener upon the thirteenth day of January, 1911, and the delivery of this assignment to the bank upon the thirteenth day of January, 1911, and that the bank ever since the delivery of the assignment and order has held said note and "has under the trust created been the trustee for the benefit of Marie C. Greenlee and Thomas K. Kase as the owners jointly of said note." We perceive nothing lacking in these

findings to show a complete execution, delivery, and acceptance.

The judgment and order appealed from are therefore affirmed.

Melvin, J., and Lorigan, J., concurred.