[Civ. No. 2043. First Appellate District.—June 15, 1917.]

J. W. McCORD et al., Appellants, v. J. D. MARTIN et al.,
Respondents.

Assignment of Causes of Action—Fraud—Sale of Corporate Stock.
Under sections 953, 954, and 1044 of the Civil Code, causes of action
for damages sustained by various stockholders in a corporation in
making sales of their respective shares of stock upon the false repre-
sentation of a fellow-stockholder more familiar with the values of
the corporate property than themselves, that the price reported by
him to them was all that could be obtained for the stock, are assign-
able, as they are not merely causes of action for fraud and deceit,
but involve substantial rights of property.

APPEALS from judgments of the Superior Court of
Santa Clara County. J. R. Welch, Judge.

The facts are stated in the opinion of the court.
34 Cal. App.—9

Bradley & Bradley, and W. B. Wallace, *in pro. per.*, for Appellants.

Morrison, Dunne & Brobeck, Edward Hohfeld, Alfred Daggett, and Lamberson, Burke & Lamberson, for Respondents.

RICHARDS, J.—These are appeals from judgments in favor of each of the two defendants upon their separate demurrers to the plaintiffs' amended complaint. The same and the single question involved in each appeal is as to whether or not the twenty-five causes of action set forth in the complaint were assignable to the plaintiffs, who sue as the assignees thereof. General and special demurrers similar in form and substance were presented by each of said defendants to each of said causes of action. The court made a general order sustaining said demurrers without leave to amend. It seems to be conceded that the order of the court sustaining these demurrers was based upon the general ground that the complaint fails to state a cause of action in any of its counts because of the nonassignability of the claims sued upon. To that question this court will therefore address itself, regardless of any uncertainty in the complaint assailed by the special demurrers; for as to these the trial court, had it based its orders sustaining the demurrers upon any of the special grounds, should have granted leave to amend.

The facts of the case as revealed by the averments of the plaintiffs' complaint are these: The twenty-five persons who are the assignors of the causes of action set forth in the complaint were stockholders in a corporation known as the Lost Hills Mining Company, incorporated in the year 1909, having its principal place of business at Hanford, Kings County, California, and being the owner of a number of oil mining claims in Kern County, in said state. The assignors of plaintiffs owned an aggregate of thirty-six thousand eight hundred shares of the capital stock of said corporation amounting to a controlling interest therein. In the month of October, 1909, the corporation entered into a contract with the firm of Martin & Dudley by which the latter were granted the right to enter upon and occupy said lands and drill wells therein for the purpose of developing its oil possibilities. In the event of finding a successful well the firm was to have a certain interest in the property. The defendant, J. D. Martin, who was

one of the members of said firm, was also at the time, and thereafter continued to be, a stockholder of the corporation. The firm of Martin & Dudley assigned their interest in said contract to another corporation known as the Lake Shore Oil Company, of which said corporation Martin & Dudley owned about one-half of the capital stock, the said J. D. Martin being a director in said last-named corporation. Considerable work was done upon the properties of the Lost Hills Mining Company under this contract during the year which followed, and said Martin became very familiar with the lands and oil values and possibilities of said property, much more so in fact than any of those of his fellow-stockholders who were to be the assignors of the plaintiffs herein, none of whom resided in that region or had any knowledge of the value of the lands of their corporation as oil-producing properties. In the year 1911 said J. D. Martin learned that one George W. Cameron, of San Francisco, was desirous of purchasing not less than twenty thousand shares of the capital stock of the Lost Hills Mining Company and would be willing to pay therefor eight dollars per share, and that if he could succeed in purchasing said stock of the Lost Hills Mining Company for said price, he would also be willing to buy certain other properties in which the firm of Dudley & Martin and the Lake Shore Oil Company were interested. Upon learning these facts, as the complaint alleges, said Martin devised a scheme by which he was to effect a sale of all the properties in which he was interested to Cameron, as a part of which he was to induce the said assignors of plaintiffs to place their stock in escrow in one block to be taken up by an undisclosed purchaser at the price of five dollars per share. In order to carry out said scheme said Martin sought the aid and co-operation of his codefendant Lindemann, who was the secretary of the Lost Hills Mining Company, and to whom for his share in the scheme he promised a portion of the profits to spring from the consummation of the transaction by which Martin and Lindemann would appropriate the difference between five dollars and eight dollars per share upon the transfer of said stock. The scheme was carried into effect. The defendants represented to their fellow-stockholders that there was an undisclosed purchaser for their stock who was to pay five dollars and no more per share for the same, provided it was placed in escrow in one block in a certain bank, to be taken by such

purchaser upon making said payment; that the said stock was not worth more than five dollars per share and could not be sold for more, and that said Martin and Lindemann would themselves join with their fellow-stockholders in placing their stock also in said escrow to be sold at five dollars per share. Relying upon these false and fraudulent representations upon the part of said Martin and Lindemann, and upon the superior knowledge of the situation possessed by them, and having no knowledge to the contrary, the assignors of the plaintiffs placed their stock in said escrow for transfer to said undisclosed purchaser thereof at the price of five dollars per share; and thereafter said Cameron went to the bank where said stock had been placed and received said stock, paying to the bank on account of said assignors of plaintiffs the sum of five dollars per share therefor, and also paying to said defendants the additional sum of three dollars per share, the balance of the real purchase price of said stock, which sum they received and have ever since retained. Upon learning of the fraud which had been practiced upon them, the assignors of plaintiffs transferred their respective claims, demands, and causes of action against said Martin and Lindemann to the plaintiffs herein in trust for collection; whereupon said plaintiffs instituted this action.

We are unable to give our concurrence to the views of the trial court in sustaining the defendants' demurrers without leave to the plaintiffs to amend upon the ground that the causes of action set forth in the complaint were not assignable. It is true, as the respondents contend, that naked actions for fraud and deceit are not the subject of assignment under long and well settled rules of equity. But the state of facts set forth in the plaintiffs' amended complaint and above recited does not present a case where the plaintiffs are seeking to recover upon assigned claims for damages for naked fraud and deceit involving no substantial right of property in plaintiffs' assignors. On the contrary, the facts, in our opinion, clearly show that the defendants, by means of their alleged fraudulent and deceitful acts and conduct, were enabled to come into possession of an amount of money representing the difference between eight dollars a share, which the respective stockholdings of plaintiffs' assignors in the Lost Hills Mining Company were really worth and for which they were

actually sold, and the sum of five dollars per share, which was all that the plaintiffs' assignors received for their said stock by reason of the defendants' fraudulent and deceitful representations. This sum of money, amounting to the exact damages claimed in this action, was a sum of money which these defendants must be equitably held to have received and retained for the use and benefit of the plaintiffs' assignors, the right to recover which was a substantial part of their cause of action against said defendants. It is not disputed that the form of assignment to plaintiffs was sufficient to cover the entire equitable and property rights and claims of the plaintiffs' assignors in the premises, and was thus a transfer of much more than a mere naked right of action for fraud and deceit, since it included also the right to recover the respective sums of money which the defendants had received for the use and benefit of plaintiffs' assignors and to which in equity they were justly entitled. This being so we are entirely satisfied that these several causes of action were assignable under sections 953, 954, and 1044 of the Civil Code. (*Henderson* v. *Henshall*, 54 Fed. 320, 330, [4 C. C. A. 357]; *Fox* v. *Hale & Norcross S. M. Co.*, 108 Cal. 478, [41 Pac. 328].)

The earlier cases cited by respondents in support of the rulings of the trial court will not be found to be in conflict with the views above expressed, for in each of them the decision of the cause upon appeal is expressly limited to the statement of the rule that a naked right to sue for fraud and deceit is not assignable.

The recent case of *Greenlee* v. *Los Angeles etc. Bank*, 171 Cal. 371, [153 Pac. 383], is also clearly distinguishable from the case at bar upon the facts, and, as to its law, lends more support to the appellants' contention than to that of the respondent, for the plain intimation of the learned justice writing the opinion in the case is that if an interest in property passes by the terms of the assignment, it gives to the assignee the right to enforce the remedies of his defrauded assignor.

For the foregoing reasons we are of the opinion that in so far as the general demurrer was concerned, the trial court was in error in sustaining it upon the stated ground of the non-assignability of the several causes of action, and that as to the point made upon special demurrer, the trial court exceeded its

discretion in undertaking to sustain these without leave to the plaintiff to amend.

Judgment reversed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 13, 1917.