METROPOLITAN· INSURANCE COMPANY *vs.* HARLEY M. DAY.

Cumberland.    Opinion November 5, 1920.

*A claim for damages to property resulting from a tort, is assignable.    Waiver by filing
general issue.    The finding by the presiding Justice without the
intervention of a jury, on a question of fact, is conclusive.*

1.  A claim for damages arising from a tort concerning property is assignable,
    and under R. S., Chap. 87, Sec. 152, an action may be maintained by the
    assignee in his own name.
2.  The negligence of the defendant was a question of fact which was submitted
    to the determination of the presiding Justice without the intervention of a jury,
    and his finding for the plaintiff was conclusive.

This is an action of tort brought by the plaintiff as assignee of the
United Baptist Convention of Maine, in the Municipal Court for
the City of Portland in Cumberland County, and from that court
on appeal by the defendant it was taken to the Superior Court for
the County of Cumberland, where it was tried by the presiding
Justice without the intervention of a jury, with the right of exceptions
in matters of law.    The action grew out of the following alleged facts.

The defendant drove a loaded auto-truck up Middle Street, in
Portland, and left it standing near the right-hand or northerly curb-
ing, at a point where there was a substantial down grade in the
direction opposite to the course of the truck, and the truck moved
backward down and diagonally across Middle Street until it came
in contact with a building owned by plaintiff's assignor, doing damage
to the building.    Defendant set up in defense that such a claim for
damages was not assignable and that the plaintiff could not maintain
the action in its own name, and further denied negligence of defend-
ant.    Plea, the general issue.

The presiding Justice ruled adversely to contentions of the defend-
ant, and rendered a decision in favor of the plaintiff for the sum of
$93.61, and the defendant alleged exceptions.

Exceptions overruled.

Case stated in the opinion.
*George F. Noyes,* for plaintiff.
*Jacob H. Berman, and Benjamin L. Berman,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

CORNISH, C. J. Action of tort brought by the plaintiff as assignee of the owner of a building which was injured by the defendant's automobile.

The case was heard before the Justice of the Superior Court for Cumberland County without the intervention of a jury and with right of exceptions in matters of law. The Justice rendered a decision in favor of the plaintiff for the sum of $93.61 and the defendant alleged exceptions.

The first point of law raised by the counsel for defendant in their brief is that the court erred in holding that the claim in suit, being a demand to recover for a tort causing injury to property, was assignable, and that the plaintiff as assignee had the legal right to bring the action in his own name.

There are two answers to this proposition. In the first place the point is not open to the defendant at this time. It is too late. He virtually attacks the capacity of the plaintiff to bring and maintain this action and that objection should be raised in limine by proper pleading. By pleading the general issue the defendant waived the point and admitted the plaintiff's capacity to sue. This proposition has been settled so long and so firmly, and in such a wide variety of cases, that citations are needless.

In the second place, as to the assignability of a claim for damages for tort concerning property the great weight of authority sustains the ruling of the court. The distinction between a claim for injuries to the person, such as arises from assault and battery, slander and libel, malicious prosecution or false imprisonment, and a claim for the conversion or destruction of or injury to property is sharply maintained. The former is merely a personal right and until reduced to judgment is not assignable. The latter is held to be a vested interest and as such is assignable. *Rice* v. *Stone,* 1 Allen, 566; *Delval* v. *Gagnon,* 213 Mass., 203; *Jordan* v. *Gillen,* 144 N. H., 424, 5. C J. 887 and 888 and cases cited. In *Rogers* v. *Portland and Brunswick Street*

*Railway,* 100 Maine, 86, an action for the conversion of earth and gravel, the plaintiff brought suit in his own name as assignee and his right to maintain the action was not questioned either by counsel or the court. See also *Pierce* v. *Stidworthy,* 79 Maine, 234, 239. Our statute provides: "Assignees of choses in action, not negotiable, assigned in writing, may bring and maintain actions in their own names, but the assignee shall hold the assignor harmless of costs, and shall file with his writ, the assignment or a copy thereof, and all rights of set-off are preserved to the defendant." R. S., Chap. 87, Sec. 152. It is to be assumed that all the formalities were complied with here, the case not showing the contrary. The last clause as to set-off fully protects all the rights of the defendant. The ruling of the court as to assignability of the claim and maintenance of the suit by the assignee in his own name was without error.

The second and third questions raised by the defendant in his brief are essentially questions of fact. Upon these the finding of the court, if there was any substantial evidence to support it, is conclusive. The court found as a fact that the defendant was guilty of negligence in leaving his automobile as he did at the side of the street under all the conditions and circumstances. That was the gist of the case and his finding settles it. That he afterwards discussed the evidence to some extent and the weight to be given to certain circumstances connected with the accident, in no way militates against or diminishes the force of his finding. With or without such discussion the decision stands, and judgment must follow.

*Exceptions overruled.*