## HOUSTON v. ROSBOROUGH.

(Circuit Court of Appeals, Ninth Circuit. February 4, 1924. Rehearing Denied March 3, 1924.)

No. 4038.

1. **Abatement and revival** ⟿55(3)—**Cause of action survives against executrix, where property was acquired by fraud.**

Where property was acquired by testator under circumstances giving grantor a cause of action against testator, had he been living, for making fraudulent representations, grantor has a cause of action against the executrix of his estate, to whom the property was devised.

---

⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Limitation of actions ⟺100(1)—Plaintiff not required to act until fraud discovered.**

> Where plaintiff acted promptly after he discovered the fraud complained of, a plea of the statute is without merit, as plaintiff was not called on to act until he discovered the fraud.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Action by J. M. Rosborough against Elizabeth Houston, as sole beneficiary under the will of Otho Houston, deceased, and as executrix of the estate of Otho Houston. Judgment for plaintiff, and defendant brings error. Affirmed.

Lucius K. Chase, of Los Angeles, Cal., for plaintiff in error.

Westall & Wallace and Robert M. Fulton, all of Los Angeles, Cal.. for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. [1] The facts stated in the findings made by the trial court before which—a jury having been waived—the case was tried are not called in question by any of the assignments of error, and, as the facts found are in accordance with the averments of the complaint, it is obvious that, if the complaint is sufficient, the judgment awarded the plaintiff must be affirmed, unless it be, as contended on behalf of the plaintiff in error, the cause of action which existed in behalf of the plaintiff in the action against the deceased, Houston, did not survive upon his death, or unless the plea of the statute of limitations interposed by the defendant to the action was well taken, or, as is contended on behalf of the plaintiff in error, that there should be a modification of the judgment in so far as costs were imposed against the executrix of the estate of the deceased Houston.

The sufficiency of the complaint does not admit of doubt. The basis of the action was the alleged and proven fraud of Houston in procuring, by means of deceitful and false representations, the conveyance to him by the plaintiff of certain of his property in the city of Los Angeles which, upon Houston's death, passed by his will to his wife, the executrix now before the court. The allegations of the complaint, as well as the findings of fact, are to the effect that the plaintiff was deceived by the false representations of Houston regarding the value and condition of the security the plaintiff took in exchange for the conveyance made by him to Houston. They manifestly stated and found a good cause of action as against Houston, had he been living, and it is equally plain that the same is true as against the executrix of his estate, if the cause of action against the deceased survived his death. In reason and justice, why should it not, where, as here, the executrix is the beneficiary of the property acquired by the deceased by means of his fraud? Such a case constituted one of the exceptions to the rule of the common law regarding the nonsurvival of an action to recover damages for a tort, in the absence of a statute declaring such survival. Said Lord Mansfield in Hambly v. Trott, Cowp. 371:

---

⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Where property is acquired which benefits the testator, there an action for the value of the property shall survive against the executor."

That case was cited with approval by the Supreme Court of California in Fox v. Hale & Norcross S. M. Co., 108 Cal. 478–483, 41 Pac. 328, which latter case, and the preceding one between the same parties in the same volume (108 Cal. 369–431, 41 Pac. 308), have some features quite similar to the present case. That the cause of action here involved survived was, we think, in effect held by this court in the case of Henderson v. Henshall, 54 Fed. 320, 330, 331, 4 C. C. A. 357.

[2] Regarding the plea of the statute of limitations, we agree with the court below that there is no merit in it. The plaintiff was not called upon to act until his discovery of the fraud, after which his action was prompt. Nor do we see any valid reason why the usual rule of taxing the costs of the action against the defeated party should not have been followed.

The judgment is affirmed.