[Sac. No. 4093. In Bank.—February 13, 1929.]

ANDREW WIKSTROM, Appellant, v. YOLO FLIERS CLUB et al., Respondents.

Armfield & Eddy, Elmer W. Armfield and Arthur B. Eddy for Appellant.

Huston, Huston & Huston for Respondents.

PRESTON, J.—Respondents have moved the dismissal of the appeal herein, contending that the action has abated. Appellant died on September 28, 1928, and his executor has been substituted in his stead herein.

■ The complaint charges the sale by respondent club through the respondent Pratt, its vice-president and agent, to appellant of a tract of land of 152.44 acres in Yolo County. Taking the complaint as true, a portion of the tract of land so purchased lies north of a certain fence and was by all the parties considered worthless. It was to be donated in the deed conveying the portion thereof south of said fence, which last-mentioned portion was bought and sold at a price of $210 per acre. The deed, as written and delivered, called for the said 152.44 acres, for which appellant paid the whole purchase price of $210 per acre. The survey later made showed only 109.2 acres thereof were south of said fence; the balance of 43.24 acres lay north of the fence in the zone overflowed by the waters of Cache Creek, being the land which, according to the complaint, was to be donated with the purchase.

Other allegations of the complaint were that respondent Pratt, who had also been the confidential agent of appellant in other matters, deceived appellant in this behalf respecting said acreage south of said fence, well knowing that he was collecting for respondent club the full price per acre for the worthless area as well as for the area intended to be purchased, and well knowing also that appellant understood that all of the sum paid was to apply to the purchase of land lying south of said fence. The prayer of the complaint was for a return in damages of an amount equivalent to $210 per acre for said 43.24 acres of land, or $9,080.40.

The suit was not commenced until some four years after completion of the transaction, but appropriate allegations tolling the statute are found in the complaint, showing the discovery of the fraud and commencement of this action within the statutory period allowed thereafter for suit. The court found the existence of fraud but held the action was barred by the statute. The propriety of this finding

and decision of the court is the chief question on the merits in the appeal.

This statement is ample to show without doubt that the cause of action is assignable; that it survived in this case and passed to the personal representative of appellant. Under the common law of England, including the exceptions, found in the Statute of 4 Edw. III, c. 7, and in the later Statute of 4 Wm. IV, c. 42, and also including later development of it, the rule of assignability seemed to be: "As regards particular results, it is pretty generally held in America that the only causes or rights of action which are not transferable or assignable in any sense are those which are founded upon wrongs of a purely personal nature, such as slander, assault and battery, negligent personal injuries, criminal conversation, seduction, breach of marriage promise, malicious prosecution, and others of like nature. All other demands, claims and rights of action whatever are generally held to be transferable. In conformity with the principle just stated the following demands, claims, and rights of action have been held to be assignable: causes of action arising from the breach of a contract of any kind (except the breach of a promise to marry); causes of action arising from torts which affect the estate rather than the person of the individual who is injured. Under the latter head are claims arising from the carrying away or conversion, of personal property, from the fraudulent misapplication of funds by the officer of a bank, from negligent or intentional injury done to personal property or upon real estate. In view of the general tendency to recognize the transferability of rights of action growing out of injuries done in respect of one's property or estate, it is somewhat curious to note that it is commonly held that the right of action for fraud and deceit is not assignable. But where *property* is obtained by deceit or fraudulent device of any sort, the cause of action is assignable, for here the injury is done in respect of the particular property which is wrongfully acquired." (3 Street's Foundations of Legal Liability, pp. 86, 87.)

Under this doctrine, without reference to a statute, it has been held that a cause of action *ex delicto* for injuries to personal or real property is assignable. (*Haynes v. Halliday*, 151 Tenn. 115 [268 S. W. 130, 131]; Pome-

roy's Remedies and Remedial Rights, sec. 147.) *Sayre* v. *Detroit etc. R. Co.*, 205 Mich. 294, where, at page 314 [171 N. W. 502, 509], the court approves the following language: "The position is that the right of action for a tort is not the subject of assignment; and this we understand to be the general rule (citing cases). But this rule applies only to those torts which are merely personal, and which, on the death of the person wronged, die with him; while torts for taking and converting personal property, or for injury to one's estate, and generally, all such rights of action for tort as would survive to the personal representatives, may, it seems, be assigned so as to pass an interest to the assignee which he can enforce by suit at law (citing cases)."

In fact, in California, without reference to the statutory enactments, this court, in *Rued* v. *Cooper*, 109 Cal. 682, 693 [34 Pac. 98, 101], approved language as follows, based upon a consideration of the English and American cases then in existence: "Assignability of things in action is now the rule; nonassignability, the exception; and this exception is confined to wrongs done to the person, the reputation, or the feelings of the injured party, and to contracts of a purely personal nature, like promises of marriage." We have no doubt that under the above general doctrine alone, the cause of action in question must be held assignable and to have survived. (*Lazard* v. *Wheeler*, 22 Cal. 139.)

But, supplementing said general doctrine, it must be said that sections 953 and 954 of the Civil Code have lifted many of the restrictions imposed by the rule of the common law upon this subject. There can be little doubt that the cause of action set forth in the complaint here is a "thing in action" under said section 953, and arises "out of the violation of a right of property," under said section 954, and is expressly made assignable and declared to survive the death of the owner by the latter statute. That these statutes were intended to liberalize the common-law rule was expressly held in *Morris* v. *Standard Oil Co.*, 200 Cal. 210, 214 [252 Pac. 605]. See, also, to the same effect, *Dibble* v. *San Joaquin L. & P. Corp.*, 47 Cal. App. 112, 117 [190 Pac. 198], and *Stapp* v. *Madera Canal etc. Co.*, 34 Cal. App. 41, 47 [166 Pac. 823].

Another statement worthy of note in this behalf is that assignability and survivorship are by the last-men-

tioned code section placed upon the same footing. Mr. David Dudley Field, who proposed to the New York Civil Code a section identical with said section, said of it: "This section is proposed to establish one rule for the assignability and the survivorship of things in action." Cases proving the tendency of the doctrine to assignability found among our decisions are many. A few may be cited: *Simmons* v. *Zimmerman*, 144 Cal. 256, 261 [1 Ann. Cas. 850, 79 Pac. 451]; *Perkins* v. *Sunset Tel. & Tel. Co.*, 155 Cal. 712 [103 Pac. 190]; *Estate of Baker*, 170 Cal. 578, 587 [150 Pac. 989]; *Stapp* v. *Madera Canal etc. Co.*, *supra*, at p. 46 [166 Pac. 823]; *McCord* v. *Martin*, 34 Cal. App. 129 [166 Pac. 1014]; *Harris* v. *Mount Washington Co.*, 55 Cal. App. 144, 146 [202 Pac. 903]. In other jurisdictions we find ample support for the holding we have announced.

The case of *Henderson* v. *Henshall*, 54 Fed. 320 [4 C. C. A. 357], is a well-considered case, where an action was brought to recover $30,000 damages alleged to have been sustained by plaintiff in the exchange of lands. It was charged that false representations were made by the defendant whereby plaintiff was induced to exchange lands in Tulare County for lands in Shasta County, all to her damage in the amount sued for. Plaintiff died pending the suit and a special administrator of her estate was substituted. Defendant moved to dismiss the action on the ground that it had abated by the death of the original plaintiff. This motion was denied and sections 953 and 954 of the Civil Code as well as the general doctrine received consideration. The result of that consideration may be summed up in the following quotation: "If we follow this rule, and construe the provisions of the Code liberally, with a view to effect its objects and to promote justice, we must determine that the cause of action in this case survived to the administrator as assets on his hands, because the wrong which is the subject of the action was not merely a personal injury inflicted upon the decedent, and the damages claimed the measure of her bodily or mental suffering, but the wrong was to the estate of the original plaintiff, whereby it became diminished in value. 'It is now the general American doctrine that all causes of action arising from torts to property, real or personal,—injuries to the estate by which its value diminished,—do survive and go

to the executor or administrator as assets in his hands.'
Pom. Rem. & Rem. Rights, sec. 147. We think, upon prin-
ciple as well as authority, the cause of action in this case
survived to the administrator. Judgment affirmed.''

A cause of fraud and deceit similar in principle and re-
lated by kindred facts to the one before us is *Sherman* v.
*Harris,* 36 S. D. 50 [Ann. Cas. 1917C, 675, 153 N. W. 925],
where code sections exist identical with the two sections
above cited. Our own statutes are construed and the hold-
ing made is in accord with our conclusion here. The deci-
sion of the court of Idaho in the case of *MacLeod* v. *Stelle,*
43 Idaho, 64 [249 Pac. 254], related to an action arising
out of fraud in the sale of mining stock and therein it was
held that the cause of action survived and was assignable.
Likewise, in the case of *Horton* v. *Tyree,* 102 W. Va. 475
[135 S. E. 597], an action for fraud and deceit, it was
held that the action related to the property and not to the
person and was assignable. (See, also, *Sullivan* v. *Curling,*
149 Ga. 96 [5 A. L. R. 124, 99 S. E. 533]; see, also, note
to said cause, p. 130; *Harris* v. *Welch,* 148 Wis. 441 [134
N. W. 1041]; *Metropolitan Ins. Co.* v. *Day,* 119 Me. 380
[111 Atl. 429]; *Leavenworth & Son* v. *Hunter,* 150 Miss. 245
[116 South. 593, 596]; *Porter* v. *Lane Cons. Corp.,* 212 App.
Div. 528 [209 N. Y. Supp. 54].) The converse of the situa-
tion here before us was before the circuit court of appeals
of the ninth circuit in the case of *Houston* v. *Rosborough,*
295 Fed. 137, and it was there held that the death of the
party committing the fraud and procuring by means thereof
the conveyance to him by the plaintiff of certain of his
property, did not abate an action against his estate, citing
*Fox* v. *Hale & Norcross S. M. Co.,* 108 Cal. 478, 483 [41
Pac. 328].

This inquiry may be appropriately closed by a reference
to the case of *McCord* v. *Martin, supra,* at pages 132, 133
of 34 Cal. App. [166 Pac. 1014]. This was an action by an
assignee of twenty-five persons, stockholders in a corpora-
tion known as the Lost Hills Mining Company, for damages
sustained in making sales of their respective shares of stock
on the false representation of a fellow stockholder as to the
price reported by him to them that could be obtained for
the stock and for fraud and deceit in connection with the
transaction. The contention was made that the causes of

action were not assignable. The court in disposing of the contention, among other things, said: "We are unable to give our concurrence to the views of the trial court in sustaining the defendants' demurrers without leave to the plaintiffs to amend upon the ground that the causes of action set forth in the complaint were not assignable. It is true, as the respondents contend, that naked actions for fraud and deceit are not the subject of assignment under long and well-settled rules of equity. But the state of facts set forth in the plaintiffs' amended complaint and above recited does not present a case where the plaintiffs are seeking to recover upon assigned claims for damages for naked fraud and deceit involving no substantial right of property in plaintiffs' assignors. On the contrary, the facts, in our opinion, clearly show that the defendants, by means of their alleged fraudulent and deceitful acts and conduct, were enabled to come into possession of an amount of money representing the difference between eight dollars a share, which the respective stockholdings of plaintiffs' assignors in the Lost Hills Mining Company were really worth and for which they were actually sold, and the sum of five dollars per share, which was all that the plaintiffs' assignors received for their said stock by reason of the defendants' fraudulent and deceitful representations. This sum of money, amounting to the exact damages claimed in this action, was a sum of money which these defendants must be equitably held to have received and retained for the use and benefit of the plaintiffs' assignors, the right to recover which was a substantial part of their cause of action against said defendants. It is not disputed that the form of assignment to plaintiffs was sufficient to cover the entire equitable and property rights and claims of the plaintiffs' assignors in the premises, and was thus a transfer of much more than a mere naked right of action for fraud and deceit, since it included also the right to recover the respective sums of money which the defendants had received for the use and benefit of plaintiffs' assignors and to which in equity they were justly entitled. This being so, we are entirely satisfied that these several causes of action were assignable under sections 953, 954 and 1044 of the Civil Code (citing cases)."

We do not regard either the case of *Whitney* v. *Kelley*, 94 Cal. 146 [28 Am. St. Rep. 106, 15 L. R. A. 813, 29 Pac. 624], or *Emmons* v. *Barton*, 109 Cal. 662 [42 Pac. 303], as setting forth any principle in necessary conflict with the views herein expressed; if so, they must give way to the later expressions of this court on the same subject.

The interesting question that, conceding the action does not ordinarily survive, under the powers conferred by section 956a of the Code of Civil Procedure (added by Stats. 1927, p. 583), we may make contrary findings to those of the court below and direct a judgment *nunc pro tunc* and thus save abatement of the action, need not be considered.

The motion is denied.

Waste, C. J., Richards, J., Seawell, J., Shenk, J., Curtis, J., and Langdon, J., concurred.