[Civ. No. 7132. Second Appellate District, Division Two.—May 24, 1932.]

J. F. WARREN et al., Appellants, v. J. F. WATKINS et al., Respondents.

Zach Lamar Cobb and Earl A. Littlejohns for Appellants.

No appearance for Respondents.

FRICKE, J., *pro tem.*—Plaintiffs brought an action to recover damages for fraud and misrepresentation in the purchase of real estate. The complaint alleges that plaintiffs J. F. Warren and Adelaide K. Warren, husband and wife, in December, 1927, entered into a written agreement for the purchase of certain land from the defendants; that they were induced to enter into said agreement through certain fraudulent representations of the defendants; that in February, 1928, the Warrens entered into an agreement with their coplaintiffs, William T. Morgan and Velma Morgan, husband and wife, whereby the latter agreed to

purchase said land; that shortly prior to the contract of February, 1928, the Warrens referred the Morgans to defendants, who repeated to them the alleged misrepresentations previously made to the Warrens; and that the Morgans, believing and relying thereon, entered into said contract with the Warrens. The complaint then alleges that prior to the commencement of this action the Warrens and the Morgans entered into an agreement whereby each of said parties assigned to the other a one-half interest in and to any right of action that either of said parties had against the defendants. The trial court sustained a demurrer because of the misjoinder of parties plaintiff, and upon the latter's refusal to amend, the judgment of dismissal from which this appeal is taken was entered.

The cause of action pleaded was one in favor of the Warrens, based upon their purchase of the land. The basic question here is whether subsequent to the sale of the lands to the Morgans, the cause of action of the Warrens was assignable. Unless it was assignable the Morgans are not proper parties plaintiff and the demurrer was properly sustained. However, under the liberalization of the common-law rule by sections 953 and 954 of the Civil Code, a cause of action for damages arising out of the obtaining of property by fraud and deceit is assignable. (*Wikstrom* v. *Yolo Fliers Club*, 206 Cal. 461 [274 Pac. 959], and cases cited.)

The judgment is reversed and the trial court is directed to overrule the demurrer and permit the defendants to answer.

Works, P. J., and Craig, J., concurred.