# H. WINTER STOVER *vs.* ELIZABETH A. STEFFEY AND JAMES FINDLAY.

*Dedication of land; plats; deeds calling for lots binding on streets; rights of grantee; implied covenants; rights of public.*

If the owner of land lays it out in lots and streets, and sells lots binding on such streets, he thereby dedicates the streets to the public; the dedication is coextensive with the right of way acquired by the purchaser as an easement, and must be measured by the limits of the rights acquired by him through his grant.      p. 530

The doctrine of implied covenants creates in the purchaser a right of way only over the land of the vendor that is contiguous to the lot sold.      pp. 530-531

The purchaser of a lot calling to bind on a street not yet opened by the public authorities is entitled to a right of way over it, if it is the lands of the vendor, in its full extent and dimensions, only until it reaches some other public way.      p. 531

Where the owner of a tract of land laid it off as a park, with a portion of the tract laid out in streets and lots, a plat of which was filed but not recorded in the clerk's office of the county, it was held that the purchaser of a lot not contiguous to but at a distance from the part of the land described on the plat as a park, and in whose deed there were no direct or implied covenants limiting the use of the "park", had no right to enjoin the purchaser within the area named as a park from erecting a house or other building thereon.      p. 533

The question of dedication of land to the public depends upon the intention of the parties, whether the dedication is claimed by acts *in pais,* by solemn conveyance of record, or by judicitl proceeding, and such dedication must be established by clear, satisfactory and unequivocal testimony.      p. 530

*Decided June 22nd, 1911.*

Appeal from the Circuit Court for Washington County (KEEDY, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, PATTISON and URNER, JJ.

*Charles D. Wagaman,* for the appellant.

*C. A. Little,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

Samuel Cost and wife, on the 28th day of October, 1890, conveyed to J. Clarence Lane a tract of land containing thirty acres, more or less, known as the Cost farm, situated immediately outside of and adjacent to the corporate limits of Hagerstown, Washington County, Maryland, and upon the east side of the turnpike road leading from Hagerstown to Leitersburg. J. Clarence Lane was the only grantee mentioned in said conveyance, but the record discloses, that other persons, including James Findlay, one of the appellees, and one Edward P. Steffey, who devised his interest therein to Elizabeth A. Steffey, the other appellee, were interested in said lands and part owners thereof. This land so conveyed unto J. Clarence Lane was thereafter laid out in lots, streets and alleys and a plat showing such lots, streets and alleys, as well as the building line and a portion thereof marked "Park", was made and placed on the Plat Record in the office of the clerk of the Circuit Court for Washington County although not marked filed. Upon the plat was written the following: "Plat No. 1, 'East Park', Addition to Hagerstown, Md."

On the 15th day of August, 1896, J. Clarence Lane sold and conveyed unto the appellant, H. Winter Stover, plaintiff below, two of said lots fronting on Leitersburg pike, otherwise known as Potomac street. In the deed therefor the lots of land thereby conveyed are referred to as "Lots Number Nine (9) and Ten (10) on East Park Addition to Hagers-

town, as designated on plat of said addition", and in said deed it is provided that "any building erected on said lots or either of them to conform to the building line as shown on said plat and not to be located less than twenty feet from said marginal line."

On the 27th day of July, 1898, J. Clarence Lane conveyed unto James Findlay, one of the defendants in this cause, and to Edward P. Steffey as tenants in common, by deed dated and recorded as of the last named date, all that portion of the aforesaid tract or parcel of land which is designated on the said plat as "Park," and also lot No. 17 as designated on said plat. These lots were conveyed subject to the restrictions of the buliding line appearing upon the plat, which restrictions are set forth in the deed in the words following, to wit: "Provided, however, and this conveyance is upon the condition that no building shall be erected upon the parcel hereby conveyed nearer than twenty-five (25) feet to the east marginal line of said North Potomac street or the Leitersburg pike."

The lot of ground designated on the plat as "Park" is adjacent to the line of the Western Maryland Railroad, and situate, lying and being in the northeast corner formed by the intersection of the said railroad and the Leitersburg pike, with the frontage of two hundred and twenty feet on North Potomac street and running back with the southward side of Park avenue three hundred and seventy feet to the west side of Dewey street, fifty-seven feet from the railroad property; thence with the westward side of Dewey street extended to said railroad property; thence with the line of the railroad to the place of beginning. By reason of its location it is said to be well suited for manufacturing or business purposes.

On the first day of July, 1899, J. Clarence Lane filed with the clerk of the Circuit Court for Washington county another plat of the same land. On this second plat other streets and alleys were laid out and the bed of Dewey street was thereby changed, it being located on this plat fifty feet nearer Poto-

mac street than upon the original plat, that is to say, the depth of the lots fronting on Dewey street and running back to the alley separating them from the lots fronting on Potomac street was lessened to the extent of fifty feet, and Park avenue was changed to Manilla avenue, and the designation "Park" upon the lot of land lying to the southward of Park or Manilla avenue was removed, the same not appearing upon the second plat. Upon this plat was written the following: "It is not intended by anything herein contained to dedicate any of the streets or alleys mentioned or designated in the plat, or the beds of the same or any part thereof, the streets and alleys being mentioned and designated for the purpose of location and description merely and not for the purpose of dedication, and the fee therein is thereby reserved." While this plat was not filed until July, 1899, the record does not disclose when it was made, but it is shown by the deed from J. Clarence Lane to Findlay and Steffey, dated the 27th day of July, 1898, that Park avenue was at that time known as Manilla avenue, or at least it was so referred to in said deed, and that Dewey street had been changed and re-located on the plat fifty feet nearer Potomac street, thus reducing the depth of this lot conveyed unto Findlay and Steffey, the dimensions of which are given above, from four hundred and twenty feet as appearing upon the first plat, to three hundred and seventy, upon the second plat.

In going north from Hagerstown upon the Leitersburg pike or Potomac street the first lot reached after crossing the railroad is the designated "Park" lot conveyed as aforesaid to Findlay and Steffey. Then comes Park or Manilla avenue, beyond which are the other designated lots upon Potomac street, commencing with lot No. 17, and ending with lot No. 1, including the lots of the appellee, numbered 9 and 10. It will thus be seen that the designated "Park" lot lies entirely to itself, not adjacent to any of the other lots, and separated from the appellants' lots by Park or Manilla avenue and the seven intervening lots numbering from 11 to 17, both inclusive.

Some of these lots were sold and conveyed in the interim between the placing of the No. 1 upon the "Plat Record" and the filing of the second plat in the office of the clerk of the Circuit Court for Washington county, while other lots were sold and conveyed after the filing of the second plat, but all were conveyed subject to the building line restrictions alike laid down upon both of said plats.

The record discloses that dwelling houses have been erected upon most of the lots so sold, but not upon the appellant's lots, at considerable costs to those erecting the same and the location, as a residential section, is now regarded as one of the most desirable in the suburbs of Hagerstown.

At the time of the purchase by Findlay and Steffey of the designated "Park" lot it was partially enclosed by a part of the fence that originally enclosed the entire tract of land when a farm, that is to say, the old farm fence still stood upon the front of the lot bordering upon Potomac street and also on the side thereof binding with the railroad property. This lot of land since its purchase by J. Clarence Lane had at times been cultivated, but at the time of its conveyance to the grantees aforesaid it was, as described by one of the witnesses, a weed patch. The weeds thereon being from four to five feet high. On it were also shade trees, at that time ten or twelve feet tall, which had been planted thereon by J. Clarence Lane the former owner. Some of these trees were thereafter cut down and displaced by the appellees in the erection of the buildings on said lot.

Not long after its purchase Findlay and Steffey first built on this lot a lumber shed, later a stable, and then followed the erection of other buildings, including an office, built by the appellees about three years before the institution of these proceedings which was thereafter occupied by them and at which place they henceforth conducted the lumber, wood, coal, lime and cement business and whereat the said business is still conducted.

In the erection of one or more of said buildings the restrictions as to the building line was disregarded, by the appellees,

the same being built upon the line of the street and not twenty-five feet therefrom as designated by the plat and as required by the deed conveying said lot to the grantees aforesaid. It was because of the violation of said restrictions in the erection of said buildings and because of the use made of said lot by the appellees, whereby its use as a public park was prevented, that the appellant filed his bill in this case, alleging that said lot had been dedicated for park purposes and that he was entitled to have the same used exclusively for such purposes, and further alleging that the erection of said buildings thereon nearer than twenty-five feet of the east marginal line of Potomac street or Leitersburg pike and the destruction of the shade trees on said lot and the use and occupation of said lot as above set forth was unwarranted and unlawful under the circumstances stated and in violation of his rights and asking the Court:

*First.* To enjoin the appellees from building on said lot nearer than twenty feet to the east marginal line of Potomac street, and that they be required and directed to remove from the prohibited area any and all buildings standing thereon.

*Second.* That they be also enjoined and prohibited from using and occupying said lot of ground for other than park purposes, and that they be required to remove from said lot any and all buildings, lumber and merchandise of every description thereon.

The learned Court below passed an order requiring the defendants to show cause why the injunction should not pass as prayed, whereupon the defendants answered, to which the plaintiff filed his replication, and the Court, after hearing testimony upon the issues thus joined, granted an injunction restraining the defendants from erecting upon the parcel or parcels of land so conveyed unto James Findlay and Edward P. Steffey by the deed of J. Clarence Lane, dated July 27th, 1898, any building nearer than twenty-five feet to the east marginal line of Potomac street, and requiring and directing the said defendants to remove from the said area

or space of twenty-five feet, within thirty days from the service of the injunction, any or all buildings standing thereon. The Court, however, denied the relief sought in the prayer of the bill asking that the defendants be restrained from using or occupying the said designated park lot for other than park purposes, and it is from this order refusing to grant the injunction restraining the defendants from using the designated park lot as it is now being used or for other than park purposes, that this appeal is taken.

"It has always been held in this State and elsewhere that whether a dedication to the public has been made depends in every case upon the intention of the parties, and this, whether dedication is claimed by acts *in pais,* by solemn conveyances of record, or by judicial proceedings. And it is also as well settled that such intention to dedicate must be established by clear, satisfactory and unequivocal testimony." *Harbor Co.* v. *Smith,* 85 Md. 541.

"The principle of dedication rests largely upon the doctrine of estoppel *in pais,* and, while there are general rules applicable to certain lines of conduct on the part of the owner of the land, each individual case must after all be decided upon its own facts and circumstances." *Baltimore* v. *Frick,* 82 Md. 83; *Canton Co.* v. *Baltimore,* 106 Md. 83.

This Court in the case of *Hawley* v. *Baltimore,* 33 Md. 270, said: "The law is now too well settled to admit of any doubt that if the owner of a piece of land lays it out in lots and streets and sells lots calling to bind on such streets he thereby dedicates the streets so laid out to public use. The rule is founded on the doctrine of implied covenants and the dedication will be held to be co-extensive with the right of way acquired as an easement by the purchaser. It is upon the implied covenant in the grant to him that the dedication to public use rests, and such dedication must necessarily be measured by the limits of the right he had acquired by virtue of his grant. The doctrine of implied covenants will not be held to create a right of way over all of the lands of a vendor which may lie, however remote, in the bed of a street. The

lands must be contiguous to the lot sold and there must be some point of limitation. The true doctrine is, as we understand it, that the purchaser of a lot calling to bind on a street not yet opened by the public authorities is entitled to a right of way over it, if it is of the lands of his vendor, to its full extent and dimensions only until it reaches some other street or public way. To this extent will the vendor be held by the implied covenant of his deed and no further."

The question involved in this appeal is not the dedication to public use of the bed of a street, but here we are to ascertain if the designated park lot was dedicated by J. Clarence Lane to the public, to be used by it as a park, through an implied covenant with the grantee Stover, for it is only upon the theory of an implied covenant for its use as a park, arising from the reference to the plat in the deed, that the grantee Stover can claim any interest or privilege in the park. As was said in the case of the *Canton Company* v. *Baltimore, supra*: "Although the law relating to the dedication for public use of streets has been settled by numerous decisions of this Court, we have seldom been called upon to consider the nature and extent of a dedication of a park to such use when it is so dedicated on a plat of the grantor's land and reference is made to the plat in deeds conveying portions of the land."

In some jurisdictions it is held that the streets mentioned in the deed or laid out on the plat are embraced in the dedication to the full extent that they are owned by the grantor; but, as above stated, this is not the law of this State, and in such jurisdictions they have held that the principle controls with equal force the dedication of parks and other places designated on such plats. This, however, is not held to be the law in other jurisdictions.

In the case of *Light* v. *Goddard,* 11 Allan, 5, which was quoted by this Court in the case of *Canton Co.* v. *Baltimore City, supra,* that Court, through BIGELOW, C. J., said: "An attempt is made in the present case to extend this rule of interpretation much further than is warranted by any of the

adjudicated cases. The plaintiff claims under a deed which he described the lots as laid down on a plan to which reference is made. Upon inspection of this plan, it appears that these lots are carved out of a large tract of land, the whole of which is divided into numerous lots or parcels, and is fully laid down on said plan. It also appears that certain other land, which at the time of the grant in question also belonged to the grantors, and which is not immediately adjacent to the lots conveyed, but is separated therefrom by a contemplated street which forms one of the boundary lines of the lots conveyed, is designated on the plan as 'Ornamental Grounds' and as 'Play Ground'. The contention of the plaintiff is that such designation on the plan referred to in the deed of lands lying in the vicinity of, but not adjacent thereto, the land granted amounts to a covenant that those grounds shall forever continue to be appropriated and used for the uses and purposes so designated.

"We are by no means prepared to adopt as a sound rule of exposition the general proposition on which the argument for the plaintiff rests. We do not think that a mere reference to a plan in the descriptive part of a deed carries with it by necessary implication an agreement or stipulation that the condition of land, not adjacent thereto, but lying in the vicinity of, that granted, as shown on the plan, or the use to which it is represented on the plan to be appropriated, shall forever continue the same so far as it may be indirectly beneficial to the land included in the deed, and was within the power or control of the grantor at the time of the grant."

The appellant's land, consisting of lots Nos. 9 and 10, as well as the designated park lot, is located on the East side of North Potomac street, but the said land of the appellant is not adjacent or contiguous to the park lot, but is separated therefrom by lots Nos. 11 to 17, both inclusive, and Park avenue or Dewey street. The lots of the appellant at the nearest point are over four hundred feet from the park lot. If, therefore, the reasoning of the restrictive principle or rule of law, in force in this State, "That the sale of a lot of land

calling to bind on an unopened street works a dedication to public use of the street, if it is of the land of·the grantor, only until it reaches the next opened or unopened street", were applied, as we think it should be, in cases of this sort where the alleged dedication is for park purposes, we ·do not think from the facts of this case a dedication of this lot to the public for use as a park should be presumed.

The land in this case was never used as a park by the public or by any person, nor was anything done to beautify it or render it suitable or attractive for park purposes more than to plant a few trees thereon. The original fences were not removed, and at the time of its conveyance to Findlay and Steffey it was in weeds and altogether unattractive and unsuitable for park purposes.

The facts in this case, in our opinion, do not establish a dedication by J. Clarence Lane of the lot to public use as a park. A plat showing the lots, streets and alleys as laid out by Lane, the owner, was made and placed in the office of the clerk of the Circuit Court, though not marked filed. Upon this plat the lot in question was designated "Park". Afterwards, in August, 1896, lots Nos. 9 and 10 were conveyed to the appellants, and in 1898 this designated park lot was conveyed to Findlay and Steffey, and about this time a second plat was made out, and in 1899 filed with the clerk of the Circuit Court. On this plat the park lot was no longer so designated, and upon it is written the announcement by Lane that it was not intended by anything therein contained to dedicate the streets or alleys designated thereon, and that they were mentioned and designated for the purpoes of location and description merely and that the fee was reserved by him. After this a number of other lots were sold. None of the deeds offered in evidence profess to convey to the grantees any title to, interest in, or use of said park lot, nor do any of the lots conveyed in said deeds touch or bind on the lot itself.

The plat is referred to in the deed and the fact of the park to be located on the lot was mentioned to the appellant by the agent of Lane at the time of the sale. These facts, it is claimed by the appellant, somewhat influenced him in the purchase of said lots. They, however, when considered with the other facts of the case, controlled and governed by the principal or rule of law that we have quoted, are not in our opinion sufficient to establish the dedication of this lot to the public use as a park. Therefore, we find no error in the ruling of the Court below.

*Decree affirmed, with costs to the appellees.*