[Sac. No. 4047. In Bank.—July 1, 1929.]

CLARA E. NEWPORT et al., Appellants, v. W. H. HATTON et al., Respondents.

516

Grant & Zimdars, Beverly L. Hodghead, Henry E. Monroe, C. F. Humphrey, Chas. A. Shurtleff, L. J. Maddux, Nathan B. McVay and Cushing & Cushing for Appellants.

Frank Thunen, A. J. Carlson, Dennett & Zion, Griffin & Boone, Hawkins & Hawkins, J. M. Walthall, A. L. Johnson, F. O. Hoover, F. M. Angellotti, J. W. Coleberd and Brown & Chamberlain, for Respondents.

Pillsbury, Madison & Sutro, Alfred Sutro and Eugene M. Prince, *Amici Curiae.*

WASTE, C. J.—This is an appeal from the judgment of the trial court in and for the county of Stanislaus, upon the merits, and in favor of the defendants in the action. Alleging themselves to be the owners in remainder of a quarter-section of land in Stanislaus County, subject to a life estate in their mother, the plaintiffs instituted this action to establish their claim, remove an alleged cloud upon their title, and to recover the proceeds derived from sales of the land made by the adverse claimants. In support of their claim of ownership of the land in remainder, the plaintiffs set forth at length in their complaint certain events which transpired during their minority, and which culminated in a tax sale of the premises and the entry of a fraudulent and collusive judgment in an action entitled *Plato* v. *Newport,* and having for its purpose the quieting of the title of the purchaser at the tax sale as against the mother, the life tenant, and the plaintiff remaindermen, these minors. The facts are so fully set out in the opinion of this court in *Newport* v. *Hatton,* 195 Cal. 132–157 [231 Pac. 987], that they need not be restated here.

The cause was before this court upon a prior appeal from a judgment rendered by the trial court after demurrer sustained without leave to amend. It was upon that appeal twice argued before this court and twice decided. By the first decision the demurrer was held to have been properly sustained as to the defendants other than W. H. Hatton and Ora D. Hatton, upon the ground that the allegations of the complaint were insufficient to show that the subsequent purchasers of the property affected by the original judgment in the case of *Plato* v. *Newport* had notice or knowledge of the defects in that judgment and of the fraudulent means by which the same had been obtained. Upon petition for rehearing, the appellants strenuously contended that the judgment in the case of *Plato* v. *Newport* was void on its

face by reason of certain alleged patent defects in the description of the property affected thereby, and that, for that reason, they were entitled to assail the present title of the respondents without reference to whether or not they were purchasers in good faith and without notice. A rehearing was granted for the purpose of dealing with the question thus presented and for a further consideration of the cause. Upon the rehearing this court held that the judgment in the case of *Plato* v. *Newport* was not void upon its face for the reason advanced by the appellants, the opinion in that regard reading as follows: ''Applied to judgments, the rule is that the description in a judgment affecting real property should be certain and specific, and that an impossible, wrong or uncertain description, or no description at all, renders the judgment erroneous and void. (33 Cor. Jur., p. 1209, par. 147.) The same work is authority for the declaration that the judgment may be aided by intendments and additional data drawn from the pleadings and other parts of the records, or even, in some cases, by extrinsic documentary evidence. We do not see how a judgment can be pronounced a nullity for uncertainty of description unless the court can see that nothing is described. Those claiming under it must rely on the description, it is true, but whether or not the description is defective must be tested by rules of evidence ordinarily applied to the subject. (*De Sepulveda* v. *Baugh*, 74 Cal. 468, 474 [5 Am. St. Rep. 455, 16 Pac. 223] ; *Smith* v. *Biscailuz*, 83 Cal. 344, 360 [21 Pac. 15, 23 Pac. 314] ; 14 Cal. Jur., p. 957; 15 R. C. L., p. 595.) The plaintiffs in this case have not made it clear that the land described in the judgment quieting title is so uncertain that the property cannot be identified and established with sufficient certainty, by the application of the ordinary rules of evidence, to define the rights of the parties.'' (195 Cal., at p. 156 [231 Pac. 996].)

The court also held that the allegations of the complaint were sufficient to put in issue the question whether the defendants were purchasers in good faith and without notice. It will thus appear that the question of law as to whether or not the judgment in the case of *Plato* v. *Newport* was void upon its face was essential to the decision of the case upon that former appeal. This being so, the decision of this court in that regard became the law of the case, and binding upon

the trial court in all subsequent stages of the case in the absence of pleading and proof of an entirely different state of facts. (2 Cal. Jur., p. 1042, par. 620 et seq.) The case went back for a trial upon the merits, and resulted in the judgment from which this appeal has been taken.

In entering upon the trial of the cause upon the merits, the trial court disregarded the decision of this court to the effect that the judgment in the case of *Plato* v. *Newport* was not void upon its face, and, on the contrary, held that such judgment by reason of the uncertainties of the description of the property contained therein was void upon its face, and proceeded to take evidence for the purpose of eking out the purported uncertainties in the description of the land.

As certain of the defendants herein deraign title under the Plato judgment, the plaintiffs upon the trial urged that by reason of the fraud practiced in its procurement that judgment was and is void. The court below so found, but further found that the defendants claiming thereunder were *bona fide* purchasers for value without notice, and, therefore, entitled to protection in the assertion of their respective claims to the land. This latter finding is not assailed. Both upon the prior appeal and now, the plaintiffs concede that any person acquiring title to any part °of the property in good faith, under a judgment not void upon its face, and without knowledge of the fraud, would be fully protected, notwithstanding the interests of the plaintiffs, whose rights to assail such judgment cannot prevail over those of innocent purchasers in good faith and for value. (*Stern* v. *Judson,* 163 Cal. 726, 735 [127 Pac. 38] ; *Doyle* v. *Hampton,* 159 Cal. 729, 734 [116 Pac. 39].)

█ The principal question presented upon this appeal is as to whether or not the trial court was in error in the admission of the evidence which it did admit for the purpose of showing that the description of the land contained in said original judgment was sufficient. We are of opinion that, in view of the former holding of this court to the effect that the judgment in the case of *Plato* v. *Newport* was not void upon its face, such conclusion became the law of the case. (See the comprehensive list of cases cited in note 17 to par. 620 of 2 Cal. Jur., *supra*.) Whether right or wrong, it was binding upon the trial court, in the absence

of a showing that the defendants, who were the subsequent purchasers and are the present owners of the property, had acquired the same with knowledge of the fraud which the plaintiffs alleged had been perpetrated in the procurement of such judgment. The trial court was, therefore, bound in the absence of such showing to follow the ruling of this court in that regard, and to apply the same to all stages of the trial of this cause upon the merits. Had the trial court done so, there would have been no occasion for the introduction of any evidence in the case with reference to the alleged latent uncertainties in the description of the real property in the judgment rendered in *Plato* v. *Newport*.

A judgment which is not void upon its face, but merely voidable, cannot be assailed by those who insist it was fraudulently obtained, in the absence of a showing that the subsequent purchasers of the property took the same with knowledge of the fraud. This being so, any evidence that might have been introduced upon that subject was immaterial to the case as then presented. No matter what errors the trial court committed in that regard, they would not suffice to work a reversal of this judgment, in the presence of the law as laid down by this court in its former decision, that the judgment was not void upon its face, and on the facts as found by the trial court, that the aforesaid defendants took the property in good faith and for a valuable consideration, and without knowledge of the fraud.

There is also an appeal by these appellants from the new and different judgment entered in favor of the defendant railroad companies. Section 29, about which this controversy has arisen, was acquired by the predecessors of the present railroad defendants in fee under patent from the United States. It was, in turn, granted by the predecessor of these respondents to James M. Conley, predecessor of appellants, by deed dated February 12, 1874. The deed excepted and reserved for railroad purposes a strip of land extending through the section and "four hundred feet wide lying equally on each side of the track of the railroad of said company [which track, we understand, had been constructed at that time] or any branch railroad now or hereafter constructed on said lands and the right to use all water needed for the operating and repairing of said railroad." Appellants claim that the judgment in favor of the rail-

road companies is erroneous, on the ground that they, the appellants, hold by adverse possession as against the railroads the remainder interest in a strip 150 feet wide, which is part of the 400-foot strip excepted by the above deed.

It seems to be well settled that the railroad company predecessor of the respondents acquired a fee, so long as the railroad should be maintained, through the congressional grant in aid of the construction of railways, and thereafter held in fee simple. (*Northern Pacific Ry. Co.* v. *Townsend,* 190 U. S. 267 [47 L. Ed. 1044, 23 Sup. Ct. Rep. 671].) The clause in the deed to Conley, quoted above, excepted and reserved to the grantor a fee, and not an easement. The findings of the trial court support this view, and also the view that appellants are not entitled to claim any interest in this reserved fee by adverse possession.

The judgment is affirmed.

Richards, J., Shenk, J., Curtis, J., Seawell, J., and Preston, J., concurred.

Rehearing denied.

All the Justices present concurred.