[Civ. No. 16730. First Dist., Div. Two. Apr. 17, 1956.]

FRED A. WOOL, Appellant, v. DAVID S. SCOTT et al., Respondents.

Smith, Wool & Perren and Donald B. Richardson, Jr., for Appellant.

J. Frank Murphy and Eugene J. Adams for Respondents.

KAUFMAN, J.—This is an appeal from a judgment in favor of defendants entered after an order sustaining a demurrer without leave to amend to plaintiff's amended complaint.

Plaintiff and appellant, Fred A. Wool, brought this action in equity for equitable relief against a purported judgment, seeking to be declared owner of a perpetual easement appurtenant to his property, and asking that the previous judgment affecting the alleged servient tenement be set aside on the ground that it was fraudulently obtained. Defendants named were David S. Scott, John C. Scott, Bay Head Land Company, a corporation, E. J. Fay, State of California and several Does. A demurrer was sustained with leave to amend. After an amended complaint was filed, a demurrer was sustained without leave to amend.

The amended complaint, filed on October 3, 1950, was in two counts. The first count alleged that plaintiff is now and had been since May 19, 1948, the owner and in possession of a parcel of land located in Santa Cruz County, described as Lot Number 18 in Block "17" of Camp Capitola as numbered and designated on a map marked "Adopted May 1, 1884,

F. A. Hihn,'' and recorded in Book 2 of Maps at page 23 in the office of the county recorder of the county of Santa Cruz. This land was acquired by plaintiff for a valuable consideration and without knowledge of action Number 8820 referred to below.

It is then alleged that plaintiff owns a perpetual easement for park purposes in a parcel of realty designated by the word ''Park'' on a map entitled ''Adopted May 1, 1884, F. A. Hihn,'' filed on page 23, Book 2 of Maps in the office of the aforementioned county recorder, by reason of the following facts:

''On and prior to August 14, 1884, F. A. Hihn was the owner of a large tract of land at Capitola, in the County of Santa Cruz which embraced said Park and also the land described in paragraph III hereof. Prior to August 14, 1884, to wit: on or about May 1, 1884, said F. A. Hihn subdivided, mapped and laid out said large tract of land into streets, lots, alleys and parks; the map thereof was dated May 1, 1884, and was filed on May 6, 1884, and was recorded at page 23 of Book 2 of Maps and a copy thereof was subsequently again recorded at page 35 of Book 8 of Maps, all in the office of the County Recorder of Santa Cruz County, State of California. Said Park and the land described in paragraph III of this Complaint were a part of the land so mapped and laid out, and said Park was and still is designated on each of said maps as a 'PARK'; and the said F. A. Hihn thereupon and thereby dedicated the said property so designated, for park purposes for the benefit of the purchasers and owners and their successors in interest of all the other parcels of land so mapped and laid out, as an easement appurtenant to said parcels, including the parcel hereinabove in paragraph III particularly described. Said Park was and still is also designated as 'Park' on a Map entitled, 'CAPITOLA, Adopted April 25, 1888, F. A. Hihn' and filed on page 13 of Book 10 of Maps in the office of the County Recorder of Santa Cruz County. Plaintiff succeeded to the title to said parcel of land described in paragraph III hereof through mesne conveyances from the said F. A. Hihn, the original deed in said chain of title from the said F. A. Hihn having been dated August 14, 1884, and recorded in Volume 42 of Deeds at page 105 in the office of the Recorder of Santa Cruz County. Said original deed and each of said mesne conveyances described said parcel as the same is described in paragraph III

hereof, to wit: by reference to said original map dated May 1, 1884.''

Paragraph V of the amended complaint alleges that defendants claim an interest adverse to plaintiff in said park, but that they have no right, title or interest in plaintiff's perpetual easement for park purposes; that they claim such interest by virtue of a purported decree in partition in action number 8820, entitled ''Bay Head Land Company, a corporation, Plaintiff vs. E. J. Fay, County of Santa Cruz, and, also all persons unknown who have or claim any interest in or lien upon the real property herein described, Defendants.''

Paragraph VI alleges that the Bay Head Land Company as plaintiff commenced said action number 8820 on or about June 15, 1922, filing a complaint in partition. Notice of pendency of action was filed thereafter. The interlocutory decree in partition adjudged that ''no persons other than the said plaintiff (Land Company) and the said defendant, E. J. Fay, has or have any interest in said property, as owners, or otherwise.'' The final decree declared that the land company was the owner of said property ''in fee simple absolute, and that no other person has any right, title, or interest in or to the same, or any part thereof.'' Included in the property which was made the subject of action 8820 was the parcel of property hereinbefore referred to as ''Park.''

The complaint then charges that the interlocutory and final decrees in action 8820 were void and of no effect as to appellant by reason of these facts:

(1) Florence Riehl Vaghts was the owner of the real property described above as Lot No. 18 in Block ''M'' of Camp Capitola as designated on the recorded map of May 1, 1884, in open and notorious possession thereof occupying a dwelling house thereon, and was likewise the owner of a perpetual easement in said park, and she throughout said period openly and notoriously used and enjoyed said park. Her ownership of said easement was apparent to all persons by reason of her recorded deed, by reason of the recorded maps previously referred to, and by reason of her occupancy, use or enjoyment of said property and said easement. Her identity and whereabouts was at all times known to the land company. Throughout said period the park was used and enjoyed as a park by other persons who then owned and occupied other parcels delineated upon the maps hereinabove referred to, and it was commonly known and reputed to be a park in and about the community of Capitola.

(2) Florence Riehl Vaghts was not made a party to said action, nor were her successors in interest, no summons or complaint was served upon them, and none of them had or were given actual knowledge of the action, nor did they make any appearance therein.

(3) None of the proceedings in action 8820 was notice to Florence Riehl Vaghts or her successors in interest, because in all proceedings the property embraced was described by metes and bounds without reference to the aforesaid maps and without use of the word ''Park'' as such property was then commonly known in the community of Capitola. Neither at the time of the commencement of the action, nor thereafter, until the commencement of this action did the plaintiff in action 8820 take possession, use, or cause to be made any visible change in the park inconsistent with appellant's easement or the easement of his predecessors in interest. No summons was ever posted upon the property of this appellant or upon said park.

(4) The president of the Bay Head Land Company on behalf of said company, on June 27, 1922, subscribed and swore to an affidavit which stated that ''all of the known defendants residing in the State of California have been served herein or have made written appearances herein.'' This affidavit was made for the purpose of inducing the court to believe that plaintiff nor any of its officers or agents had any knowledge of the right and easement of Florence Riehl Vaghts and others in said park. An order for publication of summons was therefore made addressed to all persons unknown. Said affidavit was false in that said land company knew that the park had been designated such upon each of the maps referred to above, that it had been dedicated as a park by F. A. Hihn for the benefit of the owners of other lots shown upon said maps, that it was well and commonly known as a park in the community of Capitola, and that Florence Riehl Vaghts and others owned and claimed an easement for park purposes in said park.

(5) The land company alleged in the complaint in said action 8820 that defendant E. J. Fay claimed some interest therein, that said Fay, who was one of the land company's employees, in fact never did have or claim any interest in said park which was well known to said land company; that he filed a pretended answer which was unverified to the verified complaint. This answer was signed by Robert N. Borland, as attorney for Fay. Borland was an associate of and in the

same office as Harry E. Monroe, attorney for the land company, and both of these attorneys knew that E. J. Fay had no interest nor claimed any interest in the park. Fay's answer admitted all allegations of the complaint and prayed judgment to be entered as prayed for. A default judgment was then entered against defendants, including "all persons unknown," hence no adversary trial was ever had.

(6) All of these acts were done by the land company and its officers and agent to deceive the court, and procure the rendition of a judgment without an adversary proceeding and to conceal said proceeding from Florence Riehl Vaghts and her successors in interest and all other parties claiming an easement for park purposes in said park, and to prevent them from appearing in said action.

The final paragraph of this count alleges that appellant herein first learned of the fraudulent acts and omissions of the land company and its officers and agents on or about October 1, 1949, when R. M. Wright, an attorney, communicated to him the fact of the judgment rendered in action 8820. Appellant promptly commenced an investigation which revealed the facts above recited, which his predecessors in the exercise of reasonable diligence could not and did not discover, because of the fact that ever since the rendition of that judgment and until the commencement of this action the park was used for park purposes without any visible change in its use and occupancy, that until the commencement of this action there had been no change in use inconsistent with appellant's easement for park purposes.

Appellant contends that the acts of the land company, its officers and agents, in the partition and quiet title action in failing to serve appellant's predecessor, a known adverse claimant, constituted acts of extrinsic fraud. ■ There can be no doubt that failure to serve a party who is known by the party quieting title to assert an adverse claim in certain property, is extrinsic fraud which will make the judgment subject to attack by the party kept in ignorance of the suit. (*United States* v. *Throckmorton*, 98 U. S. 61 [25 L.Ed. 93].) That third persons deprived of their interests through judgments so obtained, such as heirs who are kept from receiving notice of probate proceedings in their ancestors' estates, may seek equitable relief against such judgment is well established. (*Purinton* v. *Dyson*, 8 Cal.2d 322 [65 P.2d 777, 113 A.L.R. 1230]; *Zaremba* v. *Woods*, 17 Cal.App.2d 309 [61 P.2d 976].) The present case differs from those, how-

ever, in that appellant herein had no interest in the property at the time the judgment was rendered, but acquired the lot to which he claims the easement appurtenant some years later. ▮ The general rule is that the fact that there are grounds for equitable relief which could be asserted against a judgment by the grantor, will not give the grantees the right to such relief though the judgment is a cloud on his title. (31 Am.Jur. 632.) The above rule was referred to in *Bernhard* v. *Waring*, 213 Cal. 175 [2 P.2d 32], but was interpreted there to mean that an assignment of a bare right to file a bill in equity for fraud committed upon the assignor will be held void as contrary to public policy. In that case title to certain property in San Francisco had been quieted by means of an ''all persons'' judgment. The owner of the property was known to the party bringing the action, and it was shown that he was not personally served, that notice was not posted on the property as was required in that type of proceeding, and that the description of the property included numerous other parcels in order that the owner would be deceived thereby. (In the present case it is alleged the description published was by metes and bounds including an area larger than and embracing the park, and that the park was not described as such, though it was so designated on the maps and so known in the community.) The property thereafter passed to the owner's son, who deeded it to his sister. It was held that she could have it set aside although 11 years had elapsed since the judgment. The court there stated that it could not be presumed that a person who had no notice that judgment had been obtained against him would be satisfied with such inequitable proceeding, and his successors in interest would be in a position to maintain the action. (And see *Wikstrom* v. *Yolo Fliers Club*, 206 Cal. 461 [274 P. 959].)

The situation in the above case is somewhat similar to that alleged herein. It is here alleged that appellant's predecessor in title could not in the exercise of reasonable diligence have discovered the acts and omissions of defendants, since there was no visible change in the use or occupation of the park since the making and entry of the judgment, nor up to the time of the commencement of this action, and that she did not discover these facts. The recording of the *lis pendens* and the published summons would not be notice as to her when she was not served in the action.

The foregoing is based, of course, on the assumption that

appellant's predecessor was a known defendant. If she were an unknown defendant, publication of the summons would be sufficient notice to her, and in such case this action would clearly be barred by the statute of limitations. Although the complaint is subject to numerous objections throughout for ambiguities and uncertainties, it is stated as fact that affiant who made the affidavit for publication of summons knew it to be false for he knew that the park was so designated on the maps earlier referred to, that he knew it had been dedicated as a park for the benefit of the owners of other lots shown upon said maps, that he knew that the park was commonly known as such in the community, and that Florence Riehl Vaghts and others owned and claimed an easement for park purposes. It is also alleged that continuously throughout said period the identity and whereabouts of Florence Riehl Vaghts was known to said land company. The statement that the land company officers knew that she owned and claimed an easement for park purposes certainly entitled her to service as a known defendant if such statement is true.

It is claimed by respondents that no cause of action is stated as to defendants Scott and their brief states that they are innocent transferees of the property. The complaint discloses nothing as to the status or interest of the defendants Scott other than that they claim an interest by virtue of the purported decree in partition. It is alleged that the Scotts took through the partition judgment. It is not alleged that they had notice of the fraud, or that they did not. If they were bona fide purchasers for value, according to all the authorities, appellant would have no case. It would therefore seem to follow, that in order to meet the requirement of alleging a meritorious case against the Scotts, appellant should be required to allege what interest the Scotts claim and that they did not acquire this interest as bona fide purchasers for value. In *Newport* v. *Hatton,* 195 Cal. 132, 149 [231 P. 987], a complaint was held sufficient to state a cause of action where it was alleged that defendants took with notice of the fraud, and that this precluded the idea of the defendants being innocent purchasers for value. It would accordingly seem to be true in this case that appellant has not sufficiently alleged a meritorious claim against the Scotts, since he has not affirmatively alleged that the interest of the Scotts is not that of bona fide purchasers for value. (See also *Newport* v. *Hatton,* 207 Cal. 515 [279 P. 134]; *Marlenee* v. *Brown,* 21 Cal.2d 668 [134 P.2d 770].)

Respondents contend that appellant took with knowledge that title in the park easement had been lost by reason of the partition judgment and therefore suffered no loss by reason of the claimed fraud. Means of obtaining knowledge is held to be equivalent to knowledge in the absence of circumstances preventing investigation (*Crabbe* v. *White,* 113 Cal. App.2d 356 [248 P.2d 193]; *Wheaton* v. *Nolan,* 3 Cal.App. 2d 401, 403 [39 P.2d 457]; *Lady Washington Consol. Co.* v. *Wood,* 113 Cal. 482 [45 P. 809]; *Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698 [16 P.2d 268]). If due diligence required appellant to search the records on the park as well as those in the chain of title on the property he purchased and to which he claimed this easement was appurtenant, then, of course, he would have no claim to equitable relief. It is to be noted that while the complaint states that upon receiving the communication in October 1949, regarding the judgment in partition, he promptly investigated and discovered the falsity of the matters previously set forth, *his predecessors in interest* did not and could not in the exercise of reasonable diligence have discovered these facts. There is no allegation that appellant could not have earlier discovered them. However, the facts alleged show that there was no notice by any change in use of the park area prior to the time appellant received the actual knowledge of the judgment which would have put him on inquiry.

If the right to use of the park could be proved to be an easement appurtenant to appellant's land it would pass with that land, and appellant would not be bound by constructive notice of instruments filed against the "Park" as depriving his predecessor of her easement, since that would be outside of appellant's chain of title. There is no showing on the face of the complaint that appellant and defendants had a common grantor. (See *Bothin* v. *California Title Ins. & Trust Co.,* 153 Cal. 718 [96 P. 500, Ann.Cas. 1914D 634]; *City of Los Angeles* v. *Morgan,* 105 Cal.App.2d 726, 733 [234 P.2d 319].)

It is argued that appellant is guilty of laches because the judgment was rendered in 1924 and this suit was not filed until March 29, 1950. But appellant's predecessor had no means of knowing of the judgment, and the discovery of what had transpired first became apparent in October, 1949. Appellant purchased in 1948. If it could be said that he would be charged with knowledge of these facts from the date of the purchase, the statute of limitations pertaining to fraud would not have run at the time this action was commenced.

And laches depends not alone on passage of time, but there must be a showing of resulting prejudice. (*Allen* v. *California Mut. B. & L. Assn.*, 22 Cal.2d 474, 488 [139 P.2d 321]; *Carlson* v. *Lindauer*, 119 Cal.App.2d 292, 309 [259 P.2d 925].) The delay after ascertaining knowledge of the facts must result in damage to the other party. (*Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719, 735 [146 P.2d 673, 151 A.L.R. 1062].) Laches is not sufficiently apparent from the face of the complaint to be raised by demurrer. There are no allegations which show that innocent purchasers for value have succeeded to the park property. No damage to any defendants appears on the face of the complaint. (See *Neet* v. *Holmes*, 25 Cal.2d 447, 460 [154 P.2d 854]; *Zakaessian* v. *Zakaessian*, 70 Cal. App.2d 721, 725 [161 P.2d 677].)

Respondent maintains that the complaint does not sufficiently show that an easement appurtenant was created, stating that the mere allegation that the filing of the map by Hihn, the owner, in 1884, created an easement in the area designated "Park" which was appurtenant to all the other lots, and that the word "Park" alone is not sufficient to create an easement, citing *Stover* v. *Steffey*, 115 Md. 524 [81 A. 33, 37 L.R.A.N.S. 856]. Respondent says that there are no allegations that Hihn sold any other lots or that he advertised using the "Park" as an inducement to purchasers, or that there was any plan of development other than that the large tract of land was subdivided into streets, lots, alleys and parks, and that these are common requisites of proof of the intention of the owner. Whether such an easement is conveyed must be determined from all the circumstances existing at the time of the original deed from the owner who filed the map. But these, as respondents have said, are items of proof. It has been held that an allegation that plaintiff is owner of a described right of way or other easement over defendant's land and that it is appurtenant to plaintiff's property is sufficient against a general demurrer, and that such allegation is not a conclusion to be ignored on testing the complaint. (*Roth* v. *Cottrell*, 112 Cal.App.2d 621 [246 P.2d 958].) Appellant here has alleged ownership of such an easement, and has alleged the intention of the original owner to create such an easement, and has further shown that the property in which the park use is claimed was not merely designated as "Park" on a map but was subsequently used as a park and was such at the commencement of this action. It is

argued that in this state decisions have been confined to establishment of easements appurtenant in rights of way shown on maps where such ways have been necessary or convenient for ingress and egress (*Danielson* v. *Sykes*, 157 Cal. 686 [109 P. 87, 28 L.R.A.N.S. 1024]), except where a public dedication has been shown. (*Archer* v. *Salinas City*, 93 Cal. 43 [28 P. 839, 16 L.R.A. 145].) It was said in *Fristoe* v. *Drapeau*, 35 Cal.2d 5 [215 P.2d 729], that the purpose of implied easements is to give effect to actual intent of the parties. Section 806, Civil Code, provides that where a grant is implied its terms must be inferred from all the circumstances of the case. Recent cases tend to enforce equitable servitude in favor of parties buying in reliance on a subdivision map where streets and playgrounds are set forth. (See *Bradley* v. *Frazier Park Playgrounds, Inc.*, 110 Cal.App. 2d 436 [242 P.2d 958].) It is true that the law does not favor implication of easements, but effect must be given to the intent as shown by all the facts and circumstances. The complaint therefore sufficiently alleged ownership of an easement in the park.

The second count of the complaint alleges that the property described in the first count as ''Park'' was irrevocably dedicated to the public for park purposes and that the public has a perpetual easement for such purposes.

The county was a named defendant in the partition action, and there is no claim that the county was not served. Since the judgment is regular on its face, and no fraud is alleged in regard to the county, it must be assumed that no dedication of a public park was found to exist. The county has control of parks within its boundaries (Gov. Code, §§ 25550 to 25562.) Appellant cannot sue on behalf of the county unless he has shown a demand upon the board of supervisors to act in the matter, or has made a showing that a demand would be useless, as control of litigation to which the county is party is in the Board of Supervisors. (See *Briare* v. *Matthews*, 202 Cal. 1 [258 P. 939].) As the county had service of notice in the partition suit in 1924, any cause of action asserted on its behalf would be barred by the statute of limitations. (*Moss* v. *Moss*, 20 Cal.2d 640 [128 P.2d 526, 141 A.L.R. 1422].)

Since this count shows that because of the judgment rendered against the county that it had no interest (paragraph VI of count I which is incorporated sets this forth) public dedication is therefore negatived. While it is true as appel-

lant says that a person owning property abutting on streets or highways has sufficient property interest to maintain a suit to enforce his right to the use of such highway, if it be assumed that the court would thus enforce by injunction, rights established in a park area, there is no showing that such right is threatened to be cut off but rather a continued use as a park is alleged.

Respondent maintains that the regularity of the partition judgment on its face has been established by the judgment in *Pieper et al.* v. *Bay Head Land Company et al.,* and its action affirmed in that case by the Supreme Court in action Number 12390. No opinion was ever rendered in that case, as the affirmance was entered on motion of the parties. It was in effect similar to a stipulation that judgment be affirmed. One of the parties to that action appears to be the same as one of the parties herein, but it is clearly a separate case. Judicial notice is limited to proceedings in the same case. (18 Cal. Jur.2d 472, § 53.)

It is our view that the complaint is sufficient as against a general demurrer as far as the defendants Bay Head Land Company and E. J. Fay are concerned but is defective as to the defendants Scott. The trial court therefore abused its discretion in not granting leave to amend. (*Wennerholm* v. *Stanford University Sch. of Medicine,* 20 Cal.2d 713, 719 [128 P.2d 522, 141 A.L.R. 1358].)

Judgment based on order sustaining demurrer without leave to amend reversed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied May 17, 1956, and respondents' petition for a hearing by the Supreme Court was denied June 6, 1956. Traynor, J., and Schauer, J., were of the opinion that the petition should be granted.